99   469
a197s 330

## Citizens Insurance Co. v. Thomas F. Stoddard et al.

1. 1. URANCE—*Power of an Agent to Waive a Condition of a Policy Requiring Proofs of Loss to be Furnished Within a Specified Time.*— An agent of an insurance company, though local in respect to territory, if authorized to solicit insurance and to negotiate contracts therefor, is also authorized to waive a condition of a policy requiring proofs of loss to be furnished within a specified time, and such a waiver may be effected by conduct of the agent inconsistent with an intention to enforce a strict compliance with such condition.

2. SAME—*Not Necessary that Such Waiver be in Express Language.*—It is not necessary that the waiver of a condition of a policy of fire insurance should be in express language. It is sufficient if the conduct of the agent is such as would naturally and reasonably lead the insured

to conclude that the condition of the policy need not be literally complied with.

3. INSTRUCTIONS—*Assuming the Existence of Matters About Which There is no Controversy.*—It is not prejudicial error to assume, in an instruction, the existence of a matter about which there is no controversy, and which is in effect admitted.

**Assumpsit**, on a policy of fire insurance. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed January 16, 1902.

**Statement.**—The appellees sued the appellant upon a policy of insurance, issued by the appellant to the appellees, insuring them against loss by fire for the term of three years from January 26, 1899, to an amount not exceeding $3,350, upon property mentioned in the policy, upon conditions therein set forth.

The only defense interposed was that the assured, appellees, had not, within thirty days after the fire, the time specified in the policy, rendered to the company proofs of loss, as required by the terms of the policy, and that by reason of such failure to comply with this requirement a recovery could not be had.

In January, 1899, Charles H. Sisson was an insurance agent in Penn Yan, Yates county, New York, and acted as local agent for appellant. He had previously attended to insuring appellees' property in various insurance companies. During the month mentioned Sisson canceled insurance then on the property in question, and placed thereon the policy issued by the appellant company, and sued on in this case. A fire occurred on October 4, 1899. Sisson retained the policy in his possession until the day after the fire, at which time he delivered it to appellee P. K. Stoddard.

On October 5th, P. K. Stoddard informed Sisson that a fire had occurred. Sisson told him to go home, make a complete list of everything that was burned, its cost and what it was worth at the time it was burned, so that it would be ready for the adjuster.

The next conversation between P. K. Stoddard and Sis-

son took place about a week later, when Sisson said that he had heard from the company, and they would attend to it as soon as possible.

The next conversation between the same persons was about two weeks after the fire. Sisson had heard nothing from the company, and said he would write them again immediately; that he did not understand the delay.

The next conversation was about a week later, not more than twenty days after the fire. P. K. Stoddard testified:

"I asked Mr. Sisson if he had heard from the company. He said he had, and that Mr. Westover was sick, and I asked him about proofs of loss. He said, ' Don't be afraid, we have sixty days after the fire to file our proofs in.' * * * The only other conversation which I had with Mr. Sisson bearing on this subject before the proofs of loss were made out, was to ask him whether he had heard from the company. I think he said he had heard from them. Nothing further was said. I first learned that the policy required proofs of loss to be filed in thirty days, on November 10, 1899. The manner in which I discovered what the requirements of the policy were, was I spoke about it to George S. Sheppard, * * * and he told me that the policy required proofs of loss to be furnished in thirty days, and that the thirty days were already up. I did not read the policy before my conversation with Mr. Sheppard."

The policy provides by its terms that proof of loss must be made within thirty days after fire, unless such time is extended in writing by the appellant company, and that if such proofs are not so furnished the policy shall be void.

A statement purporting to be proof of loss was signed by appellees on November 17, 1899, and was deposited in the postoffice at Penn Yan, New York, on November 20, 1899. On November 26, 1899, Mr. Westover, acting for the company, notified appellees' attorney or agent, that the company declined to admit any liability because the condition of the policy with reference to the furnishing of proofs of loss had not been complied with.

Upon the trial it was urged by the appellees that the appellant had waived this provision of the policy and was estopped from setting up as a defense the failure of appel-

lees to furnish proof of loss in time.  The appellees were allowed to introduce evidence in support of this contention over the objections of the defendant.  A verdict was returned for appellees for the sum of $1,261.25.  Motions for new trial and in arrest of judgment were overruled and judgment entered upon the verdict, from which judgment this appeal is prosecuted.

Charles H. Jackson, attorney for appellant.

Alden, Latham & Young, attorneys for appellees.

Mr. Justice Sears delivered the opinion of the court.

. Two questions only, of controlling importance, are presented upon this appeal.  The first is as to whether an insurance agent, clothed with the powers created by such a limited agency as that of Sisson, can, by his agreement or conduct, effect a waiver of the provision of an insurance policy which requires the proof of loss to be made within a stated time.  The second question is as to whether the conduct of Sisson, if his power be conceded, did amount to a waiver of the provision.  We are of opinion that the first question is determined by the decisions of our Supreme Court.  The Phenix Ins. Co. v. Hart, 149 Ill. 513; D. H. Ins. Co. v. Dowdall, 159 Ill. 179; F. F. Ins. Co. v. W. R. Co., 162 Ill. 322; Hancock L. Ins. Co. v. Schlink, 175 Ill. 284; M. & M. Ins. Co. v. Schallman, 188 Ill. 213.

In F. F. Ins. Co. v. W. R. Co., *supra*, the insurance company defended upon the ground that a provision of the policy that suit must be brought within six months after the happening of the loss, had not been complied with, and that a failure to comply operated to bar the action.  Reliance was placed upon a provision of the policy to the effect that only the manager of the company had authority to waive, modify or strike from the policy any of its printed conditions.  The provision as to time of bringing suit was one of its printed conditions.  It was not waived by the manager of the company, but the plaintiff in the suit upon the policy contended that it was waived by conduct of one

Bliss, who was local agent.  This contention was sustained by the Supreme Court.  In deciding the case the court said:

"This contention is based upon the stipulation in the open policy to the effect that only the manager of the company at Chicago had authority to waive, modify or strike from the policy any of its printed conditions.  That stipulation has been held to have reference only to the conditions entering into and forming the contract of insurance, and to have no reference to provisions as to what is to be done by the parties after a loss has been incurred.  Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179; Franklin Fire Ins. Co. v. Chicago Ice Co., 36 Md. 102; Rokes v. Amazon Ins. Co., 51 Id. 512; Blake v. Exchange Mut. Ins. Co., 12 Gray, 265; New Orleans Ins. Co. v. Matthews, 65 Miss. 301. * * * Bliss negotiated as agent of the company for settlement of the claim, and his relations to the company and to the transaction were such that his representations by which the plaintiff was deterred from bringing suit within the limit must be regarded as binding upon the company, and not affected by the limitation of power to waive, modify or strike from the policy any of its conditions."

In D. H. Ins. Co. v. Dowdall, *supra*, a like question arose as to the power of a local agent to waive by his conduct the proofs of loss required by the terms of the policy.  A similar provision of the policy declared that no officer, agent or other representative of the company could waive any of the conditions.  The court held that the local agent might waive the proofs of loss required by the policy as a condition to any enforcement of its terms, and in so holding said:

"The position of counsel that under the clause in the policy which says 'no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy,' the company could not be held to have waived the required sworn statement of loss by any acts or declarations of its agent, Smith, is not maintainable.  Such a statement was required for the sole benefit of the company, and it could certainly waive it or extend the time within which it should be furnished if it thought proper to do so, notwithstanding the statement in the policy that it would not.  This is to say, even if the parties did agree by the policy that there should be no such waiver, they might subsequently change that agreement.  Nor is it necessary

in such case to prove an express agreement to waive, but it may be inferred from the acts and conduct of the insurer inconsistent with an intention to insist upon the strict performance of the condition. Rokes v. Amazon Ins. Co., 51 Md. 512, and authorities there cited. It was also held in that case that a clause in a policy providing that no waiver or modification of any of the terms or conditions of this policy shall be made in any event referred to those conditions and provisions which entered into and formed part of the contract of insurance and which were essential to make it a binding contract between the parties, properly designated conditions, but had 'no reference to those stipulations which are to be performed after a loss has accrued, such as giving notice and furnishing proofs of loss.' Citing Blake v. Ex. Mut. Ins. Co., 12 Gray, 265; Franklin Fire Ins. Co. v. Chicago Ice Co., 36 Md. 102."

The latest decision by the Supreme Court upon this question in M. & M. Ins. Co. v. Schallman, 188 Ill. 213, is in re-affirmance of the doctrine of these earlier cases. In that case it was sought to avoid the policy by reason of a failure of the insured to comply with provisions as to an appraisal of the property destroyed. The plaintiff proved a notice in relation to the appraisal given to Fisher Brothers, who were, as the defendant claimed, merely local agents empowered only to solicit insurance and collect premiums. The court in disposing of the case said:

" But even if Fisher Bros. were merely such agents as had authority to solicit insurance or issue policies and collect the premiums, it is nevertheless true, under the decisions made by this court, that notice was properly served upon them. Notice of demand for appraisal or arbitration will be sufficient when served upon the agent of the insurer, who is empowered to solicit insurance, issue policies and collect insurance premiums. Under the facts in this case, the appellee was warranted in treating Fisher Bros. as the general agents of the company. 'It has been repeatedly held by this court that an agent, although local in respect of the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company, is so far a general agent that notice to him of facts affecting the contract is notice to the company. * * * Whether this agent was apparently clothed with authority to represent the company in the adjustment of

this loss or to accept service of demand and notice for arbitration under the conditions of the policy, was a question of fact to be determined by the jury upon consideration of all the facts and circumstances proved.' Phenix Ins. Co. v. Stocks, 149 Ill. 319; Hancock Life Ins. Co. v. Schlink, 175 Ill. 284; Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179. These authorities hold that a general agent, clothed with power to solicit insurance, receive the application and forward it to the company, receive and deliver the policy and collect the premium, has power to waive a condition of a policy, notwithstanding that power is negatived by provisions in the policy and his contract of employment."

We think it must be regarded as the settled rule in this State that such conditions as the one here in question contained in a policy of insurance and providing for steps to be taken after a loss, such as proof of loss, are not within the limitation of another provision of the policy to the effect that no officer, agent or other representative of the company shall have power to waive any provision of the police except by writing upon, or attached to, the policy. And that an agent, although local in respect to territory, who is empowered to solicit insurance and negotiate contracts therefor, is also so empowered as to be able to waive such a condition of the policy as the one providing for proofs of loss. And that such waiver may be effected by conduct of the agent inconsistent with an intention to enforce a strict compliance of the condition. In this case it appears that Sisson was so far an empowered agent of the appellant that he was authorized to represent it in the soliciting of the insurance in question. The contract of insurance was accomplished through him as representing the appellant. He was therefore empowered to waive the condition as to proofs of loss. The only remaining question is, did he waive it?

It is not necessary, in this behalf, that there should have been a waiver in express language. It is enough if the conduct of Sisson was such as would naturally and reasonably lead appellees to conclude that the proof need not be made within thirty days, as provided by the terms of the policy. Sisson said to one of appellees, "Don't be afraid, we have

sixty days after the fire to file our proofs in." Proofs of loss were made within the sixty days. We are of opinion that appellant can not now be allowed to interpose as a defense to this suit a delay on the part of appellees in proving loss, which delay was directly caused by the agent of appellant. It is contended by appellant that the trial court erred in giving certain instructions to the jury, in which it was assumed that Sisson was an agent of appellant. It is enough to say that the error, if there was any error in this behalf, was without prejudice. There was no conflict in the evidence as to the fact that Sisson acted as local agent of appellant in effecting the contract of insurance between appellant and appellees, and that he continued to be such agent at the time of the transactions in question. This is established by the correspondence between appellant and Sisson and by testimony of one of appellees. There is no prejudicial error in assuming in an instruction a fact as to which there is no controversy, but which is in effect admitted. The contention in the case was as to the scope of Sisson's agency and his power under it. That contention we find is settled by the authorities and no harm could have resulted to appellant by reason of the assumption of the undisputed fact of an agency in the instruction.

It is urged by the learned counsel for appellant that the court erred in admitting, over objection, the evidence as to the statement by Sisson to appellees, above set forth, as to the time within which proofs of loss might be made.

From the foregoing consideration of the law, it is apparent that in this respect there was no error.

No other of the errors assigned are considered in the briefs of appellant, and therefore they may be regarded as waived.

The judgment is affirmed.