## NEW YORK LIFE INSURANCE COMPANY v. GREENLEE.

[No. 6,173.   Filed June 10, 1908.]

1.  TRIAL.—*Interrogatories to Jury.—Answers.—Evidence.—Waiver. —Appeal.*—Answers to interrogatories to the jury will be taken as true, on appeal, where the appellant waives its contention that they are not sustained by the evidence.  p. 84.

2.  INSURANCE.—*Policies.—Delivery to Agent for Delivery to Assured.—Conditions Precedent.*—The company's delivery of a policy to its agent for unconditional delivery to the assured constitutes a delivery to assured, such agent holding only in trust for the assured; and payment of the first premium is not a condition precedent unless so stipulated in the policy.  p. 85.

3.  SAME. — *Premiums. — Payment of. — Conditions Precedent.* — Where an insurance agent is authorized to deliver a policy and collect the premium, cash payment may be waived, even though the policy provides otherwise.  p. 86.

4.  NEW TRIAL. — *Evidence. — Insurance.—Policy.—Validity.*—Evidence that assured took out a policy of insurance payable to his son, that the son paid $40 on the first premium of $75, that the company accepted the application, issued its policy and sent such policy to its agent who told such son to call and get it after the first of the next month, and that the policy was the same as the son's except as to age and amount of premium, shows constructive delivery, and sustains a verdict for the amount of such policy. p. 86.

5.  INSURANCE.—*Insurable Interest.—Father and Son.*—A son has no insurable interest in his father; but a father may take out insurance on his own life and make his son the beneficiary, and the payment of the premiums by such son does not affect the question.  p. 87.

6.  SAME.—*Insurable Interest.—Basis of Right.*—Public policy constitutes the basis of the insurance rule requiring an insurable interest; and the insurance of one's own life for the benefit of another shows such good faith as validates such contract.  p. 87.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Robert R. Greenlee against the New York Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*O'Bryan & Marshall, Carl T. Murray* and *Bingham & Long,* for appellant.

*James W. Brissey* and *John E. Ethell,* for appellee.

WATSON, J.—Action by the beneficiary, Robert R. Greenlee, on a twenty-year endowment policy of life insurance, for $1,000, on the life of Robert S. Greenlee, his father. A demurrer to the complaint was overruled. An answer in two paragraphs was then filed, the first being a general denial, and the second alleging that the defendant thereby tendered back the premiums which had been paid. Trial was had. The jury returned a verdict for $1,000, with answers to interrogatories, and judgment was rendered on the verdict.

Errors relied upon are the overruling of appellant's demurrers to the first and second paragraphs of the complaint, and the overruling of appellant's motions for a new trial and in arrest of judgment. The facts of the case are substantially as follows: About June 30, 1904, at the solicitation of George Rippey, an agent at Marion, Indiana, Robert S. Greenlee made application to appellant company for life insurance. At that time Robert S. Greenlee turned to his son, Robert R. Greenlee, the appellee herein, and said: "I'll take out a policy if you will keep up the premium." This was agreed to, and Robert S. Greenlee paid the agent $5, Robert R. Greenlee taking a receipt therefor and afterwards repaying Robert S. Greenlee that amount. Robert S. Greenlee "went up and was examined himself." About August 19, 1904, Rippey informed Robert S. and Robert R. Greenlee that the policy had come. The first premium amounted to $75. Appellee was unable to pay this amount when demand was made by Rippey, but did pay him $35, and took a receipt therefor, Rippey telling him he could

have the policy any time after September 1. On October 22 inquiry at the Marion office of the appellant company regarding the policy revealed the fact that the agent, Rippey, had absconded, and appellee was informed that "he would be loser with the rest," and no policy was ever delivered to him. Demand for the return of the money paid as premium was made, but none was returned or tendered until after the death of Robert S. Greenlee, on November 24, 1904.

Appellant calls attention in its brief to evidence tending to show that there was no issuance or delivery of the policy of insurance. The answers to interrogatories show that the policy had been issued and that the agent had the policy in his possession. This must be taken as true, since appellant in its brief has waived its contention that the answers to interrogatories are not sustained by evidence. The principal question for decision then is: Was an actual delivery necessary, or did the policy become binding upon the payment of the $35 to Rippey? Appellee testified regarding his conversation with Rippey as follows: "I asked him if the policy had come, and he said, yes, he had it. I told him I could not pay all of it that day. He wanted to know how much I could give him. I said: 'I can give you $35.' He said that would be all right; that would be $40 I had paid him. I handed him the $35. * * * Rippey told me I could go up and look at the policy if I wanted to. He said he wanted me to leave the policy in the office until after the first of the month. He said I could go up and look at the policy and see that it was just like mine [referring to a policy on the life of Robert R. Greenlee], except the age and the premium. I said: 'All right,' and he asked me if I wanted to go up and look at it. I said I did not have time just that day. He said: 'Leave it there until the first of the month, and then you can get it at any time after that.'"

"Whether a policy completely executed and put in the possession of the agent of the insurer to be delivered to the

insured shall be deemed binding upon the insurer
2. while still in the possession of the agent depends upon
the nature of the agent's duty with reference to the
policy. If the insured has done everything necessary to en-
title him to possession of the policy, and there rests upon
the agent the simple ministerial duty of transferring the
policy to the insured, then the agent of the insurer in effect
holds the policy for the insured, and it is binding on the
parties without physical transfer.'' Vance, Insurance, p.
173, and cases cited.

Neither the application put in evidence by appellant, nor
the copy of the policy similar to which insured's policy was
to be drawn, required that payment of the first premium
must be made before the policy should be delivered. Hence
such payment was not a condition precedent to a contract
of insurance. When the company executed and issued a
policy in conformity with the application, the contract of
insurance was then complete, as it thereby accepted the
offer or application of the insured. Under such a state of
facts, when the policy was sent to the insurer's agent to be
delivered he thereby became a trustee of the insured to re-
ceive such policy, and therefore the receipt by an agent of
the company of a policy to be unconditionally delivered to
the applicant was tantamount to a delivery to the insured,
though the agent never parted with the possession of the
policy, and its delivery to the applicant was, by contract,
made essential to its validity. *Yonge* v. *Equitable Life
Assur. Soc.* (1887), 30 Fed. 902; *Harrigan* v. *Home Life
Ins. Co.* (1900), 128 Cal. 531, 58 Pac. 180; *New York Life
Ins. Co.* v. *Babcock* (1898), 104 Ga. 67, 30 S. E. 273, 42 L.
R. A. 88, 69 Am. St. 134; *Mutual Life Ins. Co., etc.,* v.
*Thompson* (1893), 94 Ky. 253, 22 S. W. 87; *Hallock* v.
*Commercial Ins. Co.* (1857), 26 N. J. L. 268; *Porter* v.
*Mutual Life Ins. Co., etc.* (1897), 70 Vt. 504, 41 Atl. 970;
1 Cooley, Briefs on Insurance, 449.

When the agent is authorized to deliver the policy and

collect the premium therefor, the cash payment may be
waived even though the contrary is therein stipu-
3.   lated.   The collection of the policy under such cir-
cumstances can be enforced, and can be defeated only
by showing bad faith or collusion between the agent and
the insured.  *Western Assur. Co.* v. *McAlpin* (1899), 23
Ind. App. 220, 77 Am. St. 423; *Phoenix Mut. Life Ins. Co.*
v. *Hinesley* (1881), 75 Ind. 1; *Home Ins. Co.* v. *Gilman*
(1887), 112 Ind. 7; *Standard Accident Ins. Co.* v. *Fried-
enthal* (1891), 1 Colo. App. 5, 27 Pac. 88; *Mathers* v. *Union
Mut. Accident Assn.* (1891), 78 Wis. 588, 47 N. W. 1130, 11
L. R. A. 83; *Sheldon* v. *Connecticut Mut. Life Ins. Co.*
(1856), 25 Conn. 207, 65 Am. Dec. 565; *Dwelling-House
Ins. Co.* v. *Dowdall* (1896), 159 Ill. 179, 42 N. E. 606; *John
Hancock, etc., Ins. Co.* v. *Schlink* (1898), 74 Ill. App. 181;
1 Am. and Eng. Ency. Law (2d ed.), 289; 1 Cooley, Briefs
on Insurance, 498.

There was evidence to show that the insured applied to
appellant's agent for life insurance in the sum of $1,000
on the twenty-year endowment plan.   The applica-
4.   tion was drawn up and the initial fee of $5 paid by
the insured and receipted for by such agent.   By an
agreement between the insured and appellee the latter was
to pay the premiums on the policy.   The application was
forwarded to the main office of appellant in New York city.
A policy was executed in accordance with such application
and sent to the agent to be delivered to the insured.   On
August 19, 1904, appellant's agent informed appellee that
he had the policy in his possession.   Upon being told by
appellee that he could pay only $35 of the premium at that
time the agent accepted said amount as constituting, with
the $5 previously paid, $40 paid on the annual premium
of $75.   At the same time he requested appellee to leave the
policy in his office until after the first of the month, assur-
ing appellee that the policy was the kind applied for, and
that he could get it after the first of the month.   The evi-

dence was adequate to support the finding that a policy, of the form applied for, was executed by the proper officers of appellant and sent to the agent to be delivered to the insured. In accordance with the well-settled rules, constructive delivery was thereby made to the insured. The evidence was also sufficient to show that appellant's agent waived payment of the entire annual premium by accepting part and extending time for the payment of the balance.

Appellant, in its well-written brief, collects authorities to show that a son has no insurable interest in the life of his father, because of such relationship. This is a well-established principle (*Lord* v. *Dall* [1815], 12 Mass. *115, 7 Am. Dec. 38; *Continental Life Ins. Co.* v. *Volger* [1883], 89 Ind. 572, 46 Am. Rep. 185; *Ancient Order, etc.,* v. *Brown* [1900], 112 Ga. 545, 37 S. E. 890), and it is not denied by appellee. He does not base his right to recover upon any insurable interest he may have. Entirely disclaiming such interest, he insists that the act of procuring the insurance was an act of his father's, and that every person has an insurable interest in his own life, and may insure it for the benefit of one not having an insurable interest. *Campbell* v. *New England, etc., Ins. Co.* (1867), 98 Mass. 381; *Elkhart Mut. Aid, etc., Assn.* v. *Houghton* (1885), 103 Ind. 286, 292; *Franklin Life Ins. Co.* v. *Sefton* (1876), 53 Ind. 380. This is the law, and an insurable interest by Robert R. Greenlee was not necessary.

Considerations of public policy are at the foundation of the rule which requires an insurable interest, its presence is an evidence of the good faith of the parties, and it is uniformly held that the fact of a man's insuring his own life for the benefit of himself or another is sufficient evidence of such good faith as will validate the contract.

Judgment affirmed.