Henry O. Tonsor, Charles A. Schleuter, Charles Sei-
bold, Robert J. Young, Max Rubenstein, Robert
M. Stamper, Alexander W. Hope, Henry S. McPike
and Newton Hynes, Appellees, v. Fidelity & De-
posit Company of Maryland, Appellants.

1. APPEALS AND ERRORS—*harmless error.* Though certain pleas
setting up the provisions of a bond, to which a demurrer was sus-
tained, may have been proper, yet the verdict will not be reversed
where the issues sought to be made by such pleas were submitted
to the jury.

2. OFFICIAL BONDS—*questions for jury.* In an action by sureties
on the bond of a town·tax collector against a company which in-
demnified them against loss thereon, it is for the jury to determine,
and its determination is conclusive, whether the company waived
provisions of its bond requiring notice of acts, which might cause
liability, and providing that claim, must be filed within six months
after the expiration or cancellation of the bond, where one of the
sureties had informed an agent of the company that a demand
had been made on the collector for a deficiency, and an action had
been brought against them on his bond, and the agent had informed
the company which directed the sureties to defend the suit, and on
being informed of the amount of the judgment more than six
months after the expiration or cancellation of the collector's bond,
denied liability unless the collector had been guilty of embezzle-
ment.

3. INSTRUCTIONS—*when correct as to liability on indemnity bond.*
In an action by sureties on a town collector's bond against a com-
pany which indemnified them against loss thereon, an instruction is
correct which states, that before the plaintiff can recover, the jury
must find that the collector embezzled or fraudulently converted
money during the period described, and submits the question
whether a notice of default given the company by the sureties was
a waiver of the provisions of the bond.

4. EMBEZZLEMENT—*definition.* An instruction which states that
there must be a felonious stealing, taking, and carrying away to
constitute embezzlement or fraudulent conversion is incorrect.

5. INSTRUCTIONS—*repetition.* It is not error to refuse instruc-
tions fully covered by those given.

6. INDEMNITY—*liability for costs.* In an action against an in-
demnity company which indemnified the plaintiffs as sureties on a
collector's bond against loss thereon, for a judgment recovered
against the sureties on default of the collector and for expenses,
such indemnity company is not liable for the costs of appeals to the
Appellate or Supreme Courts, in the action on the collector's bond,

where the sureties were authorized by the company to defend the suit but not to take appeals.

7. Costs—*appeals and errors.* Where on appeal a judgment is affirmed on remittitur, costs may be taxed against the appellees, but the costs of two additional abstracts may be taxed against the appellant where the one by the appellee was necessary and the one by the appellant should have been included in the original abstract.

Appeal from the City Court of East St. Louis; the Hon. M. MIL-LARD, Judge, presiding. Heard in this court at the March term, 1912. Affirmed on remittitur. Opinion filed October 7, 1912. Rehearing denied November 9, 1912.

JOHN J. BRENHOLT and E. W. EGGMAN, for appellants.

B. H. CANBY, for appellees.

MR. JUSTICE McBRIDE delivered the opinion of the court.

Judgment was rendered in the trial court for the plaintiffs for two thousand dollars and costs, and the defendant brings this case to this court by appeal.

Greene Parker was collector of taxes for the town of Alton, Madison county, Illinois, for the term ending May 1, 1905. The appellees became sureties upon Parkers' bond as collector and on the 27th of January, 1905, for a consideration of one hundred fifty dollars the appellant gave to the appellees a bond of indemnity to the amount of fifty thousand dollars, agreeing to indemnify and keep indemnified the appellees during the period beginning January 23, 1905, and ending May 1, 1905, from and against any and all loss which they might be put to, incur or suffer by reason of any personal act or acts of larceny or embezzlement committed by the said principal in the discharge of his duties in said position. The bond provided, also, that if the appellees, or either of them, should become aware of any act which may be made the basis of any claim thereunder, shall immediately give the Fidelity & Deposit Company of Maryland notice in writing, by registered letter addressed to the

president of said company, Baltimore, Maryland, within ninety days after the assured or either of them became aware of such acts as aforesaid, file with the company an itemized claim with full particulars, duly sworn to, and if required, shall produce in support thereof all appropriate books and vouchers for the use of the Company in investigation. And it is further provided that no claim payable thereunder shall be filed with the company after a period of six months from the expiration or cancellation of said bond, nor should there be any liability under such bond for any act of larceny or embezzlement committed after the appellees or either of them became aware of any act which may be made the basis of a claim thereunder.

It appears from the evidence in the case that Parker made a settlement of the taxes collected about March 29, 1905, and that he retained in excess of his lawful commission $1,045.52. That a demand was made upon Parker by the town of Alton for this excess retained by him which he neglected and refused to pay over to the proper authorities but appropriated the money to his own use, and that afterwards on April 10th the town of Alton commenced a suit in the Circuit Court of Madison county to the May term, against Parker, and appellees as sureties upon his bond, for the $1,045.52 which he had collected and refused to turn over. The evidence tends to prove that the appellees had no notice of the default and conversion of the money by the said collector until after said suit was commenced, and that immediately after summons was served upon them they gave notice to the agent of the appellant at Alton, Illinois, of this suit that had been instituted against them upon said bond and asked appellant to take charge of the suit. That the agent notified appellant immediately and that shortly thereafter appellees were instructed by said agent to employ attorneys and defend the suit, such agent representing that he was directed to do so by the appellant; this, however, is disputed by the

agent of appellant. The evidence also tends to prove that no objection was made to this notice of the claim that had been brought against appellee. Appellees employed attorneys and proceeded to defend the suit but judgment was rendered against appellees for the amount of $1,045.52 and costs of suit. That there were pending in said Circuit Court at the same time several other suits against the appellees, or some of them, on account of liabilities as sureties upon other collectors' bonds in which the appellees were not indemnified, after judgment had been rendered the appellees, without consulting with the appellant, appealed from said judgment to the Appellate and Supreme Courts but the judgment of the Circuit Court was not reversed and appellees were compelled to pay the judgment and costs amounting to $1,294.19, and interest thereon amounting to $194.12. On August 7, 1906, written notice, under oath, of the recovery of the judgment and costs was given by appellees to the appellant. Between the time of the final rendition of the judgment and the payment of it efforts had been made to effect a settlement for a less amount but failed. On the 9th day of August, 1906, the appellant, by its vice president, acknowledged receipt of the notice above mentioned, and stated that its previous information was that the claim against Parker only involved $1,500.00, and denies liability unless Parker was guilty of acts of embezzlement.

The first count, of the amended declaration, sets forth the bond in *haec verba* and then avers that between the 28th day of January and the first day of May, 1905, and on to wit March 25, 1905, said Greene Parker embezzled and fraudulently converted $1,045.52 of the money of the said town to his own use, contrary to the statute. That the appellees had no notice of the conversion of this fund until suit was instituted against them for the recovery thereof. That appellant was notified that appellees would hold it re-

sponsible for any loss they might sustain, and that thereupon the appellant directed appellees to defend the suit, which they did. That no objection was made to their failure to give notice by registered letter of such default. That on August 7th a written notice of the liability was given to the appellant but appellant then disclaimed liability, except so far as Greene Parker had been guilty of acts of larceny and embezzlement. In other words, the declaration sets out the provisos together with the acts of waiver by appellant.

The second count of the amended declaration, after setting forth the cause of action generally, in the same manner as in the first count, alleges that upon the receipt of the notice of the commencement of said suit against appellees, that it became the duty of appellant to make defense or be bound by the judgment rendered in the absence of fraud or collusion; then avers that appellees did proceed to make defense, and judgment was rendered and paid by the appellees, and thereupon the appellant became liable to reimburse them.

The common counts were also filed and a bill of particulars therein. Demurrers to the amended declaration were overruled and leave given to defendant to plead over. The defendant filed the plea of general issue, *non est factum,* and nine special pleas. Demurrers were filed and sustained to pleas Nos. 3, 4, 5, and 9, and it is claimed that the court erred in sustaining the demurrer to each of these pleas. It is urged by counsel for appellant that, as these pleas set up some of the provisos of the bond, it was improper to permit these provisos of waiver to be set forth in the declaration, and refuse to allow the defendant to plead such provisos in its defense. It may be that the pleading was irregular, and that possibly some of these pleas would have been proper as setting forth the defense relied upon by appellant, but an examination of this record discloses that the issues sought to

be raised by these respective pleas were presented to the jury under other pleas, the evidence heard thereunder and instructions given at the request of appellant, presenting the matters set forth in these pleas as an issue to be determined by the jury. Defendant's third instruction includes the matters set forth in his third plea. Defendant's sixth instruction includes the matters set forth in his third and fourth pleas. Defendant's fourth instruction sets forth the matters involved in his fifth plea, and defendant's sixth instruction sets forth the matters involved in his ninth plea. There were many pleas filed and some of them were a repetition, but so far as we have been able to ascertain all of the issues sought to be made by these pleas were submitted to the jury for its determination. While it is true that the pleadings were irregular, yet we would not be willing to disturb a verdict upon that account unless it appeared that some issue that was vital to appellant's defense was not submitted to the jury. One of the objects to be obtained by pleading is to intelligently present to the jury the several matters that are in dispute between the litigants. Mere irregularities will not work a reversal of a judgment. Wallace v. Curtiss, 36 Ill. 157; Rubens v. Hill, 213 Ill. 523. A judgment will not be reversed or impaired or in any way effected by reason of any imperfections, omissions, defects, matters or things in the process or pleadings, unless it shall appear that either party has been prejudiced thereby. Sec. 6, Chap. 7, Hurd's Revised Statutes (Amendments and Jeofails).

It is insisted by counsel for appellant that the case of Lesher v. U. S. Fidelity Co., 239 Ill. 502, is conclusive upon this question. We do not so regard this decision. It will be noted that in that case the defendant filed his plea of limitations to which a demurrer was interposed and overruled, and the plaintiff then elected to abide by his demurrer and judgment was rendered against him for costs, so the subject-mat-

ter sought to be adjudicated was not otherwise tried or in any manner submitted to the decision of the court or jury, besides the court there says: "Allegations relied on in the declaration if they had been set up in the replication to the plea would not have been sufficient." Not so in this case; the questions were submitted and tried and we do not regard that decision as decisive of the question here under consideration.

It is next sought to reverse this case upon the ground that the acts herein proven were not embezzlement, and that if it is shown that the collector, Parker, was ready and willing to pay over the money that he was not guilty of embezzlement. The evidence in this case shows that Parker collected the money, that he retained it and appropriated it to his own use; that a demand was made upon him for it and he failed to pay it over. By Sec. 80 of Chap, 38, it is. provided, "If any State, County, Township, City, Town, Village or other officer  *  *  *  embezzles or fraudulently converts to his own use  *  *  *  any money  *  *  *  shall be imprisoned in the penitentiary not less than one nor more than fifteen years." If a person fraudulently converts money of a municipality to his own use, even though he may have an intent to return it, and while a criminal intent is necessary, yet if the acts relied upon as constituting the crime are fraudulent, they are done with criminal intent. "A guilty intent is necessarily inferred from the voluntary commission of such an act, the inevitable effect of which is to deprive the true owner of property and appropriate it to the defendant's own use." Spalding v. People, 172 Ill. 40.

The jury in this case were fully advised by the instructions that before the appellees were entitled to recover, it was necessary to show that Parker embezzled or fraudulently converted the money to his own use.

It is next contended that the evidence in this case

is not sufficient to warrant a verdict and that the court should have directed the jury to find a verdict for the defendant, but failing in this it should have set aside the verdict and granted a new trial. The evidence introduced on behalf of appellees in this case tends to show that the appellees had no notice of the fraudulent conversion of this money until suit was instituted against them upon the collector's bond, and that immediately thereafter they met and authorized A. W. Hope to call upon S. F. Connor, the local agent of appellant at Alton, Illinois, to whom they had made their application for the indemnity bond, which was forwarded by him to the Company, returned by the Company to him and delivered to the appellees, by whom the premium was paid. That no objection was made to the form of the notice, that the agent told the appellees to defend the suit and they claim that by virtue of that authority they did defend it. While it is true that some of these matters were denied by the agent, it is also true that they were questions for the jury to determine, and if after the demand had been made upon Parker, by the city attorney for this deficiency, and suit was commenced, and at that time the appellees advised the agent of the shortage claimed and the agent agreed to notify appellant, and did so, and appellant directed the appellees to proceed in the defense of the suit, and they did so, we are unable to see why this might not be a waiver of any personal notice or presentation of the particular items of liability within ninety days, as provided by said bond should be done, and why it would not be a waiver of the time limited to file the claim with the appellant. On August 9, 1906, the appellant was notified of the amount of judgment rendered, together with the expenses incurred and in reply to this notification, after acknowledging receipt of the notice, the vice president of the company says, "In this notice you state that a judgment was recovered on the bond for $280,000.00 debt, and $1,045.52 damages; there

certainly must be some mistake about this as all our previous information is to the effect that so far as Mr. Parker was concerned there was only about $1,500.00 involved. We merely acknowledge receipt of your notice and do not think that the sureties of Greene would have any claim against us unless it is proved that he was guilty of acts of larceny and embezzlement.'' It appears to us that the jury were warranted in finding that the appellant understood the situation of the default of Parker, and the efforts that were being made to collect it. It is said in the case of Milwaukee Insurance Co. v. Schallman, 188 Ill. 224, ''It has been repeatedly held by this court that the agent, although local in respect of the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company is so far a general agent, that notice to him of facts affecting the contract is notice to the Company. * * * Whether this agent was apparently clothed with authority to represent the Company in the adjusement of this loss, or to accept service of the demand and notice for arbitration, under the conditions of the policy, was a question of fact, to be determined by the jury upon consideration of all the facts and circumstances proved. (Phenix Ins. Co. v. Stocks, 149 Ill. 319; Hancock Life Ins. Co. v. Schlink, 175 Ill. 284; Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179.) These authorities hold, that a general agent, clothed with power to solicit insurance, receive the application and forward it to the company, receive and deliver the policy and collect the premium, has power to waive a condition of the policy, notwithstanding that power is negatived by provisions in the policy and his contract of employment.'' The question as to whether or not the appellant waived the provision of this policy, as to the time of presenting the claim and as to whether the claim was presented in apt time were, we think, questions of fact to be determined by the jury, and their finding upon this mat-

ter is conclusive. It is said in the case of Dwelling House Ins. Co. v. Dowdall, *supra*, p. 185, "The doctrine of waiver as applied to a case like this is, in effect that of an estoppel *in pais*, and the instructions should have left the jury to determine, from all the facts proved, whether the plaintiff was led to believe by the conduct of the Company that formal proof of loss would not be required of her." This bond of indemnity was given by appellant to secure appellees against any loss by reason of the embezzlement or fraudulent conversion of any of these funds by Greene Parker, and if the conversion was made it seems to us that it is right and proper that the appellees should be reimbursed for the moneys paid out by them, to the extent of appellant's contract, unless they have been guilty of some collusion that in some manner prevented the appellant from making itself secure, but this question was made and submitted to the jury, and so far as we can see by the evidence rightfully determined that Parker never did undertake to in any manner secure these appellees against this loss.

It is next claimed that the instructions given for plaintiffs were erroneous. The criticism made upon the first instruction is not well taken; it only defines what acts would constitute embezzlement or fraudulent conversion, and we think that this is in accordance with the views heretofore expressed in this opinion.

Instruction No. 2 is criticized and we think has been disposed of by this opinion, as the question of the authority of this agent was a matter properly to be left to the jury.

As we understand the criticism upon the third instruction, it is without merit as that instruction plainly tells the jury that before they can find for the plaintiff they must find that Greene Parker embezzled or fraudulently converted the money to his own use during the period described in the bond, and then sub-

mits to the jury the question as to whether or not the notice, as given, was a waiver of the provisions of the bond, which we think has been disposed of above.

We think defendant's instruction No. 8 was properly modified. This instruction as presented left the jury an opportunity to say that, even if the conditions were waived, it would be a disregarding of such conditions.

The criticism upon defendant's refused instruction No. 4 is not well taken as it directs that, to constitute embezzlement or fraudulent conversion, there must be a felonious stealing, taking and carrying away. This is not in accordance with the statute or the construction placed thereon in the case above cited.

There was no evidence upon which to base defendant's fifth refused instruction.

We think defendant's seventh and eighth refused instructions were fully covered by the other instructions, and find no error in refusing them.

The next contention of appellant is that the verdict in this case is excessive, and we think that this point has much merit. The evidence tends to prove, and the jury were warranted in finding, that when suit was commenced in the Circuit Court, appellant was advised of the commencement of the suit and authorized appellees to defend it, but we have been unable to find anything in this record that authorized the appellees to appeal the suit to the Appellate or Supreme Courts, and we think, that as there were other cases pending, that it was to the interest of other litigants to appeal this case to the higher courts, and by an agreement a final determination of this case disposed of the other cases pending in the Circuit Court. Besides, when A. W. Hope, who was apparently the spokesman for appellees, on cross-examination was asked the question why the case was appealed to the Supreme Court he said, "I never had any idea that we had any defense and said so from the beginning. They took it up there to try and get a settlement with the

town, I guess; that was the object of it." Whatever
their purpose may have been in appealing the case,
we think that in order to charge the appellant with
the expense of the appeal, that appellant should have
authorized the taking of the appeal. We do not be-
lieve that the expense of the trial of this case in the
Appellate or Supreme Courts was properly charge-
able to the appellants. It is somewhat difficult to de-
termine just how much of the expense for attorneys'
fees, that was presented, was for trial in the Circuit
Court and how much in the Appellate Courts. It
seems that the attorneys at about that time were
paid, one of them fifty dollars and the other eighty-
five dollars, which would probably be the amount for
the trial in the Circuit Court, and the remainder of
the expense should be paid by the appellees, and we
think that the appellees are entitled to recover in this
suit $1,294.19, with interest at five per cent from No-
vember 13, 1906, to November 13, 1911, as charged.
Also attorneys' fees $135.00. That the bills incurred
for other attorneys' fees and costs of record, abstracts
and briefs amounting to $509.30 should be paid by ap-
pellees; in other words, that appellees were entitled
to a judgment of $1,623.22, and if the appellees will
file a remittitur within thirty days from the filing of
this opinion of all recovered in excess of $1,623.22,
then the judgment will be affirmed for that amount;
otherwise the judgment will be reversed and the cause
remanded.

The court further finds that the additional abstract
furnished by appellees was necessary herein, and that
the appellant's additional abstract should have been
included in the original abstract, and it is ordered
that the costs of the two additional abstracts be taxed
against the appellant, and that the remainder of the
costs of this appeal be taxed to the appellees.

*Affirmed on remittitur.*