### NEW YORK LIFE INS. CO. v. RUTHERFORD.*

(Circuit Court of Appeals, Ninth Circuit. November 20, 1922.)

No. 3806.

1. Insurance ☞136(2)—Receipt of policy by agent for unconditional delivery to insured held equivalent to delivery.

Where a contract of life insurance provided that it should not take effect until the first premium was paid, and the policy delivered to and received by insured during his lifetime, and the premium was paid, receipt of the policy by the agent for unconditional delivery will be taken as equivalent to delivery to the applicant.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 19, 1923.

**2. Insurance ⬯⟾91—Contract may not be limited by private instructions from insurer to its agent.**

A contract of insurance may not be qualified or limited by private instructions from the insurer to its agent.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

At Law. Action by Grace G. Rutherford against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On January 14, 1920, one Naubert, a soliciting agent of the plaintiff in error, took from William E. Billings, of Tacoma, Wash., an application for a policy of life insurance in the sum of $5,000 for the benefit of the defendant in error. In the application the applicant, among other things, stipulated that the insurance "shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime, and that unless otherwise agreed in writing the policy shall then relate back to and take effect as of the date of this application." The amount of the first premium was paid in cash, and Naubert gave to the applicant a receipt therefor. The application was duly forwarded to the insurance company's New York office, and in due course a policy was mailed from that office to the Seattle branch office. One of the provisions of the policy was: "The policy and the application therefor, a copy of which is attached hereto, constitute the entire contract." The policy was received by the Seattle office on February 2, and on February 3 was received by Naubert at Tacoma. He immediately went to Billings' apartments to deliver the policy, but found no one at home. He made no further effort to deliver the policy, but, on the contrary, he carried it about with him and exhibited it to others with a view of soliciting insurance. On the morning of February 6 he received news that Billings was dead. Naubert held the policy for several days, and then, upon instructions from the cashier of the Seattle branch, he mailed it to him, and the latter returned it to New York.

The insurance company denied its liability on the ground that the policy had not been delivered during the lifetime of the insured. On the trial of the case in the court below, the jury were instructed to return a verdict for the defendant in error, the plaintiff in the action. Error is assigned to the refusal of the defendant's request for an instructed verdict in its favor and to the granting of the plaintiff's motion that the jury be directed to return a verdict for the plaintiff.

Fred W. Catlett, of Seattle, Wash., and James H. McIntosh, of New York City, for plaintiff in error.

P. C. Sullivan and Walter Christian, both of Tacoma, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). After the application was received by the agent, and the first premium was paid, nothing remained to be done by the insured to make the contract effective. There was no provision that the insured should be in good health at the time of the delivery of the policy. His state of health at that time was not mentioned in the policy or in the application. The only conditions were that the insurance applied for should not take ef-

---

⬯⟾For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

fect unless the first premium were paid and the policy delivered to, and received by, the insured during his lifetime.

On the trial the insurance company exhibited the following rule for the guidance of its agents:

"A policy must not be delivered under any circumstances if any change whatever has occurred in the health or occupation of the applicant since date of his medical examination. In such case the agent must at once return the policy to his branch office with full particulars and await further instructions."

This rule, however, had not been exhibited to the insured. It was not contained in the application or the policy, and the insured had no knowledge of it. It is the general rule that, until delivery of a policy, there is no contract of insurance, but there are exceptions to the rule. Thus delivery is unnecessary where the policy is held by the company or its agent in pursuance of an agreement that it be held until called for (Franklin Fire Ins. Co. v. Colt, 20 Wall. 560, 22 L. Ed. 423), and the provision that the contract shall not be complete until delivered may be waived. In Unterharnscheidt v. Ins. Co., 160 Iowa, 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, it was held that, where an insurance company delivers a policy to its agent to be by him turned over to the insured, the premium having been paid when the application was accepted, the neglect of the agent to perform the manual act of placing the policy in the hands of the insured will not suspend the obligation of the company on its contract. Said the court:

"If the premium is paid when the application is presented, and such application is approved and policy executed as of that date, and nothing remains but to deliver the paper to the insured, it may well be held that the sending of it to the agent to be by him given over to such insured person constitutes a sufficient delivery in law. * * * In other words, delivery in law is not necessarily manual delivery."

[1] In brief, the rule sustained by the weight of authority is that, even where the insurance contract requires delivery of the policy as a condition precedent to liability, the receiving of the policy by the agent for unconditional delivery will be taken as equivalent to delivery to the applicant if the contract has been otherwise consummated. 14 R. C. L. 899; Folds v. New York Life Ins. Co., 27 Ga. App. 435, 108 S. E. 627; National Life Ass'n v. Speer, 111 Ark. 173, 163 S. W. 1188; Missouri State Life Ins. Co. v. Burton, 129 Ark. 137, 195 S. W. 371; Porter v. Mutual Life Ins. Co., 70 Vt. 504, 41 Atl. 970; New York Life Ins. Co. v. Greenlee, 42 Ind. App. 82, 84 N. E. 1101.

[2] It is equally well established that the contract of insurance may not be qualified or limited by private instructions from the insurer to its agent. Fried v. Royal Ins. Co., 50 N. Y. 243; Going v. Ins. Co., 58 S. C. 201, 36 S. E. 556.

The plaintiff in error relies upon Bradley v. New York Life Ins. Co. (C. C. A.) 275 Fed. 657, but that case is clearly distinguishable from the case at bar in that the insurance there under consideration was not to take effect unless the policy were delivered and received during the lifetime and good health of the insured. In that case the court found also that the first premium had not been paid. In the case at

bar the first premium was paid at the time when the application was signed, and there was no provision in the insurance contract that the insured should be in good health at the time of the delivery of the policy.

We find no error.

The judgment is affirmed.