THE CITIZENS' INSURANCE COMPANY

*v.*

THOMAS F. STODDARD *et al.*

*Opinion filed June 19, 1902.*

1. INSTRUCTIONS—*when not ground for reversal that an instruction assumes fact as proven.* It is not ground for reversal that an instruction assumes as proven a fact which is established without contradiction by the evidence.

2. INSURANCE—*acts of agent with respect to matters in his charge are those of the company.* The acts of an insurance agent while engaged in receiving and transmitting notices from the insured to the company respecting the loss are the acts of the company, and if such acts are inconsistent with an intention on the part of the company to insist upon the conditions of the policy as to the time for furnishing proofs of loss, a waiver of such condition may arise.

3. SAME—*limit of application of provision of policy against waiver of conditions.* A provision of a fire policy that no waiver shall arise except out of an agreement endorsed in writing has reference only to the conditions entering into and forming a part of the contract of insurance, and has no application to those conditions which are to be performed after a loss has occurred.

*Citizens' Ins. Co.* v. *Stoddard,* 99 Ill. App. 469, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

CHARLES H. JACKSON, for appellant.

ALDEN, LATHAM & YOUNG, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellees, in an action of assumpsit brought to recover on a fire insurance policy issued by the appellant company, on a hearing before a jury were awarded a judgment in the sum of $1261.25, and the Appellate Court for the First District affirmed the judgment.

The only defense sought to be made was, that proofs of loss were not presented to the company within thirty

days after the fire, as by a stipulation in the policy was required to be done. The appellees contended,—and such was the theory on which the judgment was rendered,— that one Charles H. Sisson was the agent of the appellant company, and that by his acts and representations the company had become estopped to demand the provision in question should be enforced. The appellant company urges that it was a question of fact whether said Sisson was its agent, and if so, whether his powers were such as to make his acts and representations operate as a waiver of the provisions of the policy, and complains that instructions Nos. 1, 2 and 3, given on behalf of the appellees, were so framed as to assume that said Sisson was in fact the agent of the company, and were likely to be understood to advise the jury that one having authority to act in any respect or for any purpose as an agent of the company might waive the provision of the policy as to proofs of loss or estop the company from claiming the benefit thereof.

The instructions do not expressly declare that Sisson bore the relation of agent to the company, or that an agent of the company, having any power whatever to represent and act for it, may by his acts or representations waive or estop the company to insist upon the benefit of the condition of the policy in question. The instructions are, however, so drawn as not to be entirely free from the criticism that an implication of the existence of the relation of principal and agent might seem to be assumed, and also seem to imply that the existence of such relation in any degree or character was sufficient to make the company responsible, by the way of a waiver or estoppel, for the acts or representations of such agent. In view, however, of the evidence, it is clear these inaccuracies in the instructions could not have operated to the prejudice of the appellant company. The only testimony bearing upon the question of agency was that produced on behalf of the appellees. It established, be-

yond controversy, that the said Sisson received the application of the appellees for the policy of insurance, transmitted the same to the appellant company, received the policy from the company, delivered it to the appellees, received the premium therefor and accounted for the same to the company; and further, that when the loss occurred said Sisson received notice thereof from the appellees and forwarded the same to the appellant company, who acknowledged receipt thereof to him and advised him that it had placed the matter in the hands of its adjuster, and that he (Sisson) must refrain from taking any action in the adjustment of the loss, but should "look into all points with extreme care, and find out, first and foremost, if it is a clean-cut loss and if the assured in every way has been perfectly straight concerning it, and as soon as possible let us hear from you. * * * You must help us now, if you can, more than ever." In the same letter the company advised Sisson it had requested the adjuster to communicate at once with the appellees, and had no doubt he would do so, and that the appellees must follow the instructions of the adjuster. The adjuster of the company also wrote said Sisson that the appellees' claim had been placed in his hands and that he had instructed them with respect to the proofs of loss. The letter from the adjuster to the appellees was misdirected and did not reach them. They again called upon Sisson and he again wrote the company, and the company replied to him, in substance, that the adjuster had written to the appellees, and expressed surprise that the letter had not been received. In this communication the company further wrote Sisson: "We wish, in strictest confidence, you would do a little quiet looking into this matter without adjusting it at all. This we do not want you to do." Soon after the receipt of this letter by Sisson, and within twenty days after the fire, appellee P. K. Stoddard inquired of Sisson if he had heard from the company about the adjustment of their loss, and was

told by Sisson that he had heard from it and that the adjuster was sick, and in response to a question asked by said appellee about the proofs of loss, Sisson responded, in substance, that the proofs might be filed at any time within sixty days after the fire. Sisson also told said appellee, at the same time, that he had received a letter from the adjuster, in which the adjuster said he had sent instructions to the appellees as to the proofs of loss.

There being no countervailing proof, but one conclusion of fact was admissible, and that, that Sisson was fully authorized to act for the company, generally, in the matter, except in respect, alone, of the adjustment of the amount of the loss occasioned by the fire. It is not ground for reversal that an instruction assumes as proven a fact which is established without contradiction by the proofs. (*Illinois Central Railroad Co.* v. *King*, 179 Ill. 91.) In receiving and transmitting notices from appellees to the company, and receiving communications from the company with respect thereto, and in investigating the alleged loss and looking into the justice of the claim, Sisson was transacting business for the company and as its agent. While so engaged, his acts and representations with respect to the matters so in his charge were those of the company, and if his acts and conduct while so engaged were inconsistent with an intention on the part of the company to insist upon a strict observance of the condition of the policy in regard to the presentation of the proofs of loss within the time specified, a waiver of such condition or provision might arise therefrom. May on Insurance, 145; 16 Am. & Eng. Ency. of Law,—2d ed.—p. 943; *Dwelling House Ins. Co.* v. *Dowdall*, 159 Ill. 179; *Milwaukee Mechanics' Ins. Co.* v. *Schallman*, 188 id. 213.

The policy provided, in substance, that no officer, agent or other representative of the company should have power to waive any of the conditions or provisions of the policy, except such waiver should be, in writing,

endorsed upon or attached to the policy. There is nothing in this stipulation which takes it out of the general rule that the provision in a policy of insurance that no waiver shall arise except out of an agreement endorsed in writing, has reference only to the conditions entering into and forming a part of the contract of insurance, and has no application to those conditions which are to be performed after a loss has occurred. *Firemen's Fund Ins. Co.* v. *Western Refrigerating Co.* 162 Ill. 322; 16 Am. & Eng. Ency. of Law, (2d ed.) p. 952.

The judgment must be and is affirmed.

*Judgment affirmed.*