## Sandoval Zinc Company, Appellee, v. New Amsterdam Casualty Company, Appellant.

INSURANCE—*when provision of indemnity policy waived.* Held, that under the evidence, it was not error to hold that the provision of the contract of indemnity providing for delivery to the company of all summonses, etc., was waived.

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

LINN R. BROKAW and KAGY & VANDERVORT, for appellant; C. P. ELLERBE, of counsel.

JUNE C. SMITH, for appellee; DANIEL M. ROTHSCHILD, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action by the Sandoval Zinc Company, appellee, against the New Amsterdam Casualty Company, appellant, to recover indemnity for loss sustained by reason of an accident causing injury to an employe of appellee. The appellant is a corporation engaged in what is known as "employers' liability" insurance business. The action is based upon an insurance policy issued by appellant September 10, 1905, to be effective and in force for the period of one year. By the terms of the policy, appellant agreed to indemnify appellee against loss from legal liability for damages on account of bodily injuries or death accidentally suffered by any employe of the appellee while engaged on the factory premises and in the business described. Appellant's obligation is made subject to the following, among other conditions:

"Condition B. Upon the occurrence of an accident the assured shall give immediate written notice thereof with the fullest information obtainable at the time, to the home office of the Company in New York City or to its duly authorized agent. If a claim is made on account of such accident the assured shall give like notice thereof with full particulars. The assured shall at all times render to the company all co-operation and assistance in his power.

"Condition C. If thereafter any suit is brought against the assured to enforce a claim for damages by reason of an accident covered by this policy, and arising from a liability covered thereby, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured. The company shall, however, have the right at any time to discharge its total liability hereunder by reason of any

one accident by settling all suits and claims against the assured arising from the said accident and covered by this policy, or by payment to the assured of an amount equal to the liability provided for such an accident in Condition O hereof, but all sums theretofore paid by the company either to the assured or in settlement of any suit or claim, against the assured, by reason of the said accident, shall be in diminution of the liability of the company provided for said accident in said Condition C.

"Condition D. The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim, except at his own cost, or interfere in any negotiations for settlement, or in any legal proceeding; except that the assured may provide at the time such immediate surgical relief as is imperative. Whenever requested by the company, the assured shall aid in securing information and evidence and attendance of witnesses and in affecting settlements and in prosecuting appeals.

"Condition E. No action shall lie against the company to recover for any loss covered by this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a final judgment after trial of the issue; nor unless such action is brought in ninety (90) days after such final judgment against the assured has been so paid and satisfied. The company does not prejudice by this condition any defenses to such action it may be entitled to make under this policy."

On the eighth day of November, 1905, Henry Hale, an employe of appellee, was injured under circumstances which, if there was any legal liability on the part of appellee, such liability was covered by the policy. Appellee gave to the company due notice and information of the accident, and of the claim for damages afterwards made by Hale, as required by Condition B. Hale commenced suit against appellee December 21, 1905, for injuries sustained in the accident.

The appellee, defendant in that suit, was duly served with summons December 26, 1905, returnable to the January term of the Circuit Court of Marion county, which convened January 8, 1906. The defendant, failing to appear, was on January 11th defaulted, the damages assessed by jury, and judgment by default rendered against the defendant (appellee) for $2,500. On January 16, 1906, appellant was notified that default had been taken, and on the seventeenth Robert A. Crabb, L. R. Brokaw and John S. Stonecipher, attorneys for appellant, appeared for and in behalf of appellee, and filed a motion supported by affidavit to set aside the default. The motion was overruled, an appeal to the Appellate Court was prayed and allowed upon filing bond within thirty days and bill of exceptions within sixty days. Thereupon appellant withdrew from the case and disclaimed liability under the policy, on the ground that the assured had failed to comply with Condition C, in not forwarding to the home office of the company the summons or process in the suit brought by Henry Hale, the injured employe. Appellee was advised of the disclaimer and of the appeal orders entered, and thereafter filed an appeal bond, which was approved, but failed to file a bill of exceptions within the time fixed by the court. In the Appellate Court the appeal was dismissed for want of a bill of exceptions, on motion by Hale's attorneys. Upon writ of error afterwards sued out by appellee the judgment of the Circuit Court was affirmed by the Appellate Court. Hale brought suit upon the appeal bond and recovered judgment against appellee for $2,737.32, with interest amounting to $22.91 and costs amounting to $7.50. December 1, 1906, appellee paid this judgment, then amounting to $2,767.63, after which the present action was instituted against appellant. The policy is set out in full by the declaration. The defendant filed the general issue and twelve special pleas, upon which issues were joined and the case tried by the court without a jury. The court

found for the plaintiff and assessed damages at $2,500, the face of the policy, upon which judgment was rendered, and from which the defendant appealed to this court. Exceptions were taken and errors duly assigned, upon which may be considered the contentions and argument of appellant that the judgment should be reversed.

It appears from the evidence and is conceded in argument that appellee on its part acted in conformity with all the terms, conditions and requirements of the policy, except as to Condition C, wherein it was required that the assured should "immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on it" (the assured), and as to that condition or requirement it is admitted that appellee did not comply therewith. To overcome this omission and still maintain its action on the policy, appellee alleges that appellant waived the requirement in Condition C that the summons should be forwarded to the home office, and by its action and conduct relating to the suit by Hale, it was estopped and could not set up in defense that the summons was not forwarded to the home office.

It appears in evidence that one C. J. Porter was manager for the appellant company for the State of Illinois, with office in Chicago. Shortly after Hale was injured, Porter was notified, as required by Condition B of the policy, and when a few days later Hale made claim for damages, Porter was again notified as required by the same condition. Hale commenced suit December 21st, and appellee was served December 26th. On December 29th Robert A. Crabb, an adjuster and attorney sent by appellant to investigate the cause of accident and negotiate settlement with Hale, was shown the summons by assured's superintendent at Sandoval, where the accident occurred. Crabb proceeded with his investigation, and the same day effected an agreement with Hale for settlement on

payment of $250 and his attorney's fees when ascertained. Unable to agree with Noleman & Bundy, Hale's attorneys, who exacted $150, a sum greater than Crabb was authorized to pay without first communicating with the company, a settlement was not concluded. Crabb reported to the home office of the company in New York, and on January 8th he received a letter from the company authorizing settlement for the sum demanded by Hale and his attorneys. He wrote to the attorneys the same day, asking for an appointment with Hale for the purpose of settlement. Receiving no reply, he, on December 12th, again wrote to the attorneys, making a like request. In the meantime, on December 11th, no appearance for or by the defendant having been entered, a default was taken, the damages assessed by a jury at $2,500, and judgment rendered on the verdict. On January 17th appellant, by its attorneys, for and in behalf of appellee, filed a motion to set aside the default. This motion was denied and the appeal taken and perfected as hereinbefore stated. The further proceedings culminating in the judgment in this case are set out by the prefatory statement herein.

As we understand the argument, it is contended by appellant that there was no liability under the policy until judgment for injuries suffered had first been obtained against the assured and not until the sum had been paid and satisfied, and therefore that the requirement of notice of accident, claim and suit are written conditions precedent which cannot be waived except by written indorsement signed by an officer at the home office, according to Condition M of the policy. The proposition is that the parties must be held to the contract as written and may not vary the conditions preceding liability by parol or otherwise than as provided by the contract itself. We do not so read and construe the policy in this case. The appellant agreed "to indemnify the assured (appellee) * * * against loss from the liability imposed

by law upon the assured for damages on account of
bodily injuries   *   *   *   suffered by an employe,'' etc.
The liability of the insured for damages to an employe
for injuries received under the circumstances of this
case was imposed by law when the accident happened
and the injury was inflicted.   At the same time the
right of appellee to indemnity and the obligation of
the appellant to compensate for the loss in damages
had so far matured and become fixed that it only re-
mained to liquidate and ascertain the sum to be paid.
Simultaneous with the accident accrued the obligation
of the company to indemnify and the right of the in-
sured to such indemnity.   The provision, Condition B,
that no action shall lie unless for loss sustained by
the assured and paid in money in satisfaction of final
judgment, is no more than an agreed limitation as to
remedy and the means by which to determine whether
the liability of the assured was imposed by law, and
the measure in damages of such liability.   The things
required by the policy to be done by appellee after
the accident, in order to maintain an action against
appellant, were solely for the protection and benefit
of the insurer, the appellant.   For that purpose and
to that end it is not contended that these conditions
are unreasonable.   At any rate, we are not required
to so hold in this case.   The condition that the insured
shall forward to the home office the summons and
other process is, in effect, that the insurer shall be
notified of suit brought and prescribing the manner of
giving such notice.   This condition and the purpose
of it is not unlike conditions usually found in fire or
life insurance policies, wherein notice of death or fire
and proof of loss within a time fixed is required, with-
out which the remedy of the assured by action may
be ineffectual, made so by his written agreement and
failure to act in conformity therewith.   By this con-
struction of the contract, the doctrine of waiver and
estoppel may be invoked and applied in this case, as it
has often been applied under like contention by our

courts in other insurance cases. Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179; Citizens Ins. Co. v. Stoddard, 197 Ill. 330. We think the finding and judgment of the Circuit Court sustained by the evidence, which tends strongly to prove that the company was informed *at the home office in New York* of the commencement of the suit by Hale, and in time to have interposed a defense in the name of appellee, as it was permitted and required to do by the terms of the policy. Crabb, the adjuster sent by appellant to negotiate a settlement of the claim, was also an attorney for appellant. He was shown the summons and it is not reasonable to suppose that in his report of investigation to the home office a fact so pressingly important as the commencement of suit should have been omitted. Surely it was his duty to so inform the company, and that he did so may be inferred from subsequent proceedings by himself and other attorneys for and in behalf of appellant. There is conflict of evidence as to whether or not Porter, the general agent, was informed of the suit prior to the default. As we view the case, the finding one way or other upon that question is not decisive. By word and letter Porter repeatedly assured the appellee that it would be fully protected against Hale's claim and would not be troubled with a suit, that appellant assumed all the expenses of suits or settlements and would pay the judgment up to the limit of the policy. Notwithstanding that Wiel, president of appellee company, was continually pressing for settlement and irritatingly impatient of delay, there was never a suggestion from Porter that there remained anything yet to be done by appellee to fix the liability of appellant. In effect, liability was admitted throughout the correspondence and negotiations, and from the time Porter was notified of Hale's claim he appeared to assume entire charge and responsibility of the matter. What was said and done for and in behalf of the company operated as a waiver of Condition C, and

appellant was thereby estopped to set up in defense that the summons was not forwarded in accordance therewith. Relying upon the probability of settlement through negotiations by Crabb, the appellant by its own neglect failed to enter appearance and suffered default, by which, it is not improbable, the damages assessed exceeded what would have been allowed by trial. For this the appellee was not accountable. Under the policy, by expressed condition, "the assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim, except at its own cost, or interfere in any negotiations for settlement or in any legal proceeding." The only course consistent with appellant's present contention and construction of the policy would have been to withdraw from the case and disclaim liability immediately it learned that suit was commenced. Had this been done, it may be assumed that appellee would have entered appearance and defended the suit. At any rate, appellant would have been in a much better position to complain of excessive damages. The court refused all the propositions of law, eight in number, offered by appellant, and the only one offered by appellee. Not one of the propositions sufficiently and correctly stated the law applicable under the facts in this case. Our reasons for this holding are found in the foregoing opinion.

We think the trial court properly ruled that appellee could not recover in excess of $2,500, the sum insured, and the limit fixed by the policy. Upon appellee's contention that it was the privilege and duty of appellee to do what it could to reduce the damages, it may be said, from the record, that what it did and failed to do in litigating the Hale case was calculated to enhance rather than reduce damages, and in fact was effectual in that way. Appellee, no less than appellant, might have stood upon its rights under the policy at the time appellant disclaimed liability, and withdrew from the

suit. Not to have done so and thereafter to have voluntarily assumed sole charge and responsibility in subsequent proceedings, the expense incurred was in no wise chargeable to appellant. The judgment will be affirmed.

*Affirmed.*