EMMA JONES *et al.* Appellees, *vs.* THE SUPREME LODGE
    KNIGHTS OF HONOR, Appellant.

*Opinion filed October 26, 1908.*

1. RES JUDICATA—*when judgment of appellate tribunal is not
res judicata.* Where a judgment is reversed by an appellate tri-
bunal because the evidence is not sufficient to support the verdict,
and the cause is remanded generally for a new trial, if the plain-
tiff elects to dismiss his suit the judgment of the appellate tribunal
is not *res judicata* as to the questions involved when suit is brought
in another jurisdiction on the same cause of action.

2. BENEFIT SOCIETIES—*what does not render an insurance con-
tract partly oral.* In an action by the heirs of a deceased member
of a benefit society on a benefit certificate payable to the deceased
member's wife, who was also dead, the fact that the plaintiffs must
introduce oral proof of their heirship and proof of the by-laws of
the society showing their eligibility as beneficiaries does not ren-
der the contract partly oral, so as to bring the suit within the Stat-
ute of Limitations, concerning oral contracts.

3. SAME—*who are not necessary parties to suit on benefit cer-
tificate.* In an action on a benefit certificate begun by the brothers
and sisters of the deceased member as his heirs, the fact that the
father and mother of the deceased were living at his death, al-
though they have since died, does not require that their personal
representatives be joined as plaintiffs in the suit.

4. SAME—*a subordinate lodge may waive prompt payment of
dues.* A subordinate lodge of a benefit society is the agent of the
supreme or head lodge, and may, by its dealing with the members,
waive forfeiture of the contract or suspension of the member for
failure to promptly pay dues.

5. APPEALS AND ERRORS—*when a defendant cannot be heard to
object that proof of waiver was incompetent.* A benefit society
which by its instructions submits to the jury as the sole issue the
question whether or not the society had waived the prompt pay-
ment of the last assessment, cannot be heard to object, on appeal,
that the proof of such waiver was incompetent.

6. EVIDENCE—*what does not tend to prove that the deceased
dropped his membership in benefit society.* The fact that a mem-
ber of a benefit society, after the death of his wife, who was the
named beneficiary, attempted to have the certificate made payable to
one of his creditors but was informed he could not do so under the
laws of the order, does not tend to show that he dropped his mem-
bership in the society.

7. SAME—*what admissible as tending to show that society did not regard certificate as forfeited.* Proof that a check for an overdue assessment was sent, after the member's death, to the financial officer of a subordinate lodge, which check was returned later on, after the officer had learned of the member's death, is competent, as tending to show that at the time the check was received the society did not regard the certificate as having been forfeited.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

SCHAEFER, FARMER & KRUGER, and FREDERICK H. BACON, for appellant.

CULLOP & SHAW, and KRAMER, KRAMER & CAMPBELL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees brought suit in assumpsit in the circuit court of St. Clair county against the appellant for recovery on a policy for $1000 taken out by Joseph L. Jones in the appellant company. After the pleadings were finally settled the case was submitted to a jury, which returned a verdict for appellees for $998.25, the amount of the certificate less one assessment unpaid at the death of the insured. Judgment being entered by the trial court on this verdict, an appeal was prayed to the Appellate Court, where that judgment was affirmed. A certificate of importance having been granted by the latter court, the case is now brought here by appeal for further review.

Joseph L. Jones became a member of the appellant organization December 20, 1888, uniting with its subordinate lodge at Mt. Carmel, Illinois. On this lodge being disbanded his membership was transferred to Vincennes lodge, at Vincennes, Indiana. He died at his home in Knobel, Ar-

kansas, March 10, 1901. The beneficiary named in the benefit certificate was Belle Jones, his wife, who died before her husband. He left no children. His father, mother and appellees herein, who are his brothers and sisters, were his heirs. The proof shows that the payments of assessments while Jones was a member of these lodges had sometimes been made during the month when due and sometimes several days after they were due, but were always accepted and credited by the lodge officer whose duty it was to receive and forward them. The January assessment previous to his death was paid by Joseph Sellmeyer, a creditor of Jones. March 18, 1901, Sellmeyer wrote from Knobel, Arkansas, to Wagner, the financial reporter of the subordinate lodge, enclosing a draft for $1.75 for Jones' February assessment. Wagner, later on, learned that Jones died March 10, and returned to Sellmeyer the draft received from him.

Before bringing this suit appellees brought a suit in the circuit court of Knox county, Indiana, where a judgment was obtained against appellant for $1000. On appeal being taken to the Appellate Court of that State the evidence was found not sufficient to support the verdict and judgment, and the judgment was thereupon reversed for further proceedings consistent with the opinion of that court. Thereupon the judgment of the Appellate Court was certified to the circuit court of Knox county and the judgment of the circuit court was set aside. Appellees then dismissed their suit in the circuit court of Indiana. Appellant insists that the judgment and opinion of the Appellate Court of Indiana is *res judicata* on the issues in this cause, invoking the Federal constitution and statutes, which require that "full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State." This question was fairly raised by the pleadings and proof, and the trial court, as well as the Appellate Court, ruled against the contention of appellant. This ruling, we think, is correct. This court, in *Spring Valley Coal Co.* v. *Patting,*

210 Ill. 342, discussed the question here involved, and after reviewing the authorities we said (p. 351) : "When a cause is reversed by an appellate tribunal and remanded for a new trial, the principles announced by the appellate tribunal in its opinion, on a re-trial of the case in the court to which the case is remanded, must control; but where, upon a re-mandment, the cause is dismissed or the plaintiff suffers a non-suit and a new action is brought upon the cause of. action in another forum, the principles of law announced by said appellate tribunal will not necessarily control in the decision of the case in the new forum." That case is absolutely decisive of the question here involved.   We also had occasion in the late case of *Collins* v. *Metropolitan Life Ins. Co.* 232 Ill. 37, to consider this same question, with the same result.   The question is so fully and exhaustively discussed in these two cases that we deem it unnecessary to extend the discussion here.   Even though the circuit court of Knox county, Indiana, erred in dismissing the suit, as contended, under the doctrine invoked by appellant the Federal law requires the courts of this State to give full faith and credit to that finding.   The opinion and judgment of the Appellate Court of Indiana is not *res judicata* as to the present action.

Appellant also contends that the plea of the Statute of Limitations filed by it should have been sustained because the contract sued on was not entirely in writing, and that therefore the Statute of Limitations as to oral contracts must govern.   It insists that in order to recover it was necessary for appellees to offer oral testimony in addition to the benefit certificate.   Just what testimony is referred to is not stated, but we gather from the arguments of counsel that it was concerning the heirship.   The original certificate was payable to Belle Jones, wife of the insured.   The constitution and by-laws provided that in the event of the death of the beneficiaries designated, the insurance should be paid to the widow and children, and if none, "then to his heirs."

Had the wife been living at the time the suit was brought it could certainly not be contended that the contract was not written. The certificate specifically named her, yet it would have been necessary to introduce oral evidence to identify her as the beneficiary. Her death did not change the written contract to an oral one, and the introduction of the by-laws of the association showing to whom the policy was then payable does not make it an oral contract. We consider what is said in *Conductors' Benefit Ass.* v. *Loomis,* 142 Ill. 560, cited and relied on by appellant, in harmony with this conclusion.

Appellant further contends that the motion made by it in the trial court to dismiss because of want of necessary parties should have been sustained. The father and mother of the insured, while now dead, were living at his death. It is contended that their administrators should have been joined as plaintiffs. It was held by this court in *Supreme Lodge Knights and Ladies of Honor* v. *Portingall,* 167 Ill. 291, that upon the death of one of the beneficiaries named in an insurance certificate the surviving beneficiaries may bring an action on the certificate without joining the administrator of the deceased's beneficiary. The exact question raised as to the non-joinder of parties was passed on adversely to appellant's contention in that case and that decision must control here.

It is contended that the court should have given a peremptory instruction to find for the defendant, as requested by appellant. The constitution of the order provides that "a member failing to pay any assessment required by law shall stand suspended, and shall not thereafter be entitled to the benefit  *  *  *  until he has been duly re-instated in his subordinate lodge in accordance with the laws of the order." It is insisted that under this provision the insured, not having paid his February assessment at the date of his death, March 10, forfeited his membership in the order. We think there is sufficient evidence in the record to show

that the custom, usage and practice of receiving and crediting assessments by the subordinate lodge was sufficient to warrant the jury in finding that prompt payment and the right of forfeiture were waived by appellant, if appellant could be bound by the acts of the officials of subordinate lodges. Whatever the holding in other jurisdictions has been, it is clear that under the decisions in this State the subordinate lodge or council of a fraternal benefit society is the agent of the supreme lodge or council, and that such subordinate lodge may waive forfeiture or suspension upon failure to pay assessments and dues promptly. (*Coverdale* v. *Royal Arcanum*, 193 Ill. 91; *Grand Lodge* v. *Lachmann*, 199 id. 140; *Court of Honor* v. *Dinger*, 221 id. 176; 2 Bacon on Benefit Societies,—3d ed.—sec. 433.) Moreover, we consider that appellant having submitted to the jury as the sole question at issue, by its first instruction, the question as to "whether or not Joseph L. Jones in his lifetime elected to sever his connection with the defendant order and abandon the same, or whether or not the defendant waived the prompt payment of the assessment of $1.75 payable by said Jones on or before the last day of February, 1901," it can not now be heard to insist that the proof of waiver was incompetent. This identical question, as well as most of the other points raised by appellant, was discussed and decided adversely to appellant in *Illinois Life Ass.* v. *Wells*, 200 Ill. 445. Appellant cites and quotes at length from *Northern Ins. Co.* v. *Grand View Building Ass.* 143 U. S. 308, as laying down a contrary doctrine. We have already had occasion in *Orient Ins. Co.* v. *McKnight*, 197 Ill. 190, to refer to that case, and we there held that this court had adopted a different rule.

We find no basis in the evidence for the contention that Jones withdrew or in any way severed his connection with the order. It is true that he attempted to have the certificate made payable to Joseph Sellmeyer as a creditor, but was informed that under the laws of the order this could

not be done, as Sellmeyer was not related to or dependent upon him. We do not think this tended to prove that he dropped his membership. The evidence that Sellmeyer sent a check for the February installment after the death of the insured was competent, not for the purpose of proving a new contractual relation between the insured or his beneficiaries and the company, but for the purpose of showing that the company did not at that time regard the policy as having been forfeited. *Illinois Life Ins. Co.* v. *Wells, supra.*

The refused instructions asked by appellant each involved in some manner the questions heretofore discussed and decided adversely to appellant's contention, and hence they were properly refused by the trial court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*