### Catherine O'Malley, Appellee, v. Supreme Council Catholic Mutual Benefit Association, Appellant.

### Gen. No. 15,928.

1. FRATERNAL BENEFIT SOCIETIES—*statute pertaining to payment of benefits construed.* The statute of this state as follows: "The payment of such benefits in all cases being subject to compliance by the member with the contract, rules and laws of the society," only relates to fraternal benefit societies organized under the laws of this state, and, further, it does not inhibit the application of the doctrine of waiver and estoppel in an action to recover the amount of a benefit certificate issued by such a society.

2. FRATERNAL BENEFIT SOCIETIES—*what waives provision providing for suspension.* A course of dealing by which a local branch of a fraternal benefit society regularly accepted premiums after the specific due dates thereof, operates to waive a provision providing for suspension in event of failure promptly to pay.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 25, 1911.

CARLOS S. HARDY and CHARLES O'DONNELL, for appellant.

CANNON & POAGE, for appellee; JOHN B. HEINEMANN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover upon a benefit certificate issued to Patrick F. O'Malley, the husband of appellee. A trial by jury resulted in a verdict and judgment against appellant for $1,935.84, being the amount of the certificate payable to appellee, together with interest, less $3.74, being the amount of one assessment.

Appellant is a fraternal beneficiary society organized under the laws of the State of New York, and having its main office in the city of New York. Each subordinate division or body of appellant is known as a "branch." The insured first became a member of Branch 3, in the city of Chicago, November 15, 1899, when a benefit certificate for $2,000 was issued to him, $1,000 payable to his wife and $1,000 to his daughter. On November 2, 1905, a duplicate certificate was issued to him, upon his representation that the original was lost or destroyed. On November 11, 1905, the insured surrendered said certificate to appellant and applied for the issuance to him of another certificate in lieu thereof, wherein $1,750 should be payable to appellee and $350 to the daughter of the insured. The insured died December 5, 1905, and the certificate here involved, and which it is admitted was in force November 30, 1905, was issued December 7, 1905, in pursuance of the application made November 11th, preceding. At the time of his death the insured had not paid an assessment for $3.74, which was due and payable on or before November 30th. Appellant seeks to avoid a recovery on the certificate upon the ground that, by the terms of the contract, the failure of the insured to pay the November assessment operated *ipso facto* to suspend him from the association.

In and by his application for the certificate the insured agreed that upon a failure to pay any assessment on or before the day on which the same should

188    Appellate Courts of Illinois.

O'Malley v. Supreme Council Catholic M. B. Assn., 165 Ill. App. 186.

fall due, or upon a failure to comply with any of the terms of the agreement, such agreement should become null and void, and all moneys paid should be forfeited to the association for its sole use and benefit.

Section 8 of the beneficiary fund laws of appellant provides in part as follows: "On or before the last day of each month, each member shall pay to the financial secretary of his branch his monthly beneficiary payment; if the said beneficiary payment is not paid at or before the time above provided, he is hereby declared to be suspended from all rights of the association, and if a member die while suspended he shall not be entitled to participate in the beneficiary fund." * * * "Any member suspended for nonpayment of beneficiary and remaining suspended during the period of three months or less, shall require a majority vote of the members present at a regular meeting of the branch to reinstate him, pay all beneficiary moneys due at the time of his suspension, and from the date of his suspension to the date of his reinstatement, including the payment for the month in which such reinstatement is had. Any member remaining suspended for a longer period than three months for nonpayment of beneficiary, is hereby expelled from the association, the same to be entered in the records of the branch." The constitution of Branch 3 of appellant association contains similar provisions.

It is conclusively established by the evidence that a uniform custom and course of dealing existed in Branch 3, whereby the members were permitted to pay assessments due in any one month at the first meeting of said branch in the month following; that the regular meetings of said branch during the year 1905 were held on the second and fourth Wednesdays of each month; that all members who failed to pay their assessments the preceding month were not considered as having been suspended, if they paid their assessments at the first regular meeting in the month following, and as to such members no action was taken by

said branch to reinstate them by a majority vote, as provided by the constitution and laws of the association; that the first regular meeting of Branch 3 in December, 1905, was held on December 14th, nine days after the death of the insured.

It is urged that there can be no recovery in this case predicated upon a waiver by appellant of the suspension of the insured and of a right to declare a forfeiture, because the statute relating to fraternal benefit societies, provides: "The payment of such benefits in all cases being subject to compliance by the member with the contract, rules and laws of the society." Rev. Stat. (1909), 1329. A complete answer to this contention might be found in the fact that the portion of the statute quoted only relates to fraternal beneficiary societies organized under the laws of this State, while appellant is organized under the laws of a foreign State, but aside from this fact we are not disposed to hold that the statute inhibits the application of the doctrine of waiver or estoppel in an action to recover the amount of a benefit certificate issued by such a society. Such holding would be in direct conflict with the uniform decisions of the court of last resort in this State. Conductors' Ben. Ass'n v. Tucker, 157 Ill. 194; Jones v. Knights of Honor, 236 Ill. 113.

The local branch was the agent of the Supreme Council, and its conduct and course of dealing with its members, including the insured, amounted to a waiver by it of the provision in the contract of insurance, whereby a member was declared to be suspended from all rights of the association, if the assessment was not paid on or before the last day of the month, and extended the time when such suspension should become operative until the first meeting in the month next following the month in which the assessment was payable. In U. S. Life Ins. Co. v. Ross, 159 Ill. 476, the court quoted with approval from May on Insurance as follows: "If the practice of the company and its course

of dealing with the insured, and others known to the insured, have been such as to induce a belief that so much of the contract as provides for the forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief.'' The rule announced is predicated upon the doctrine of waiver or estoppel, and if, as we have held, the doctrine is applicable to fraternal beneficiary societies, the rule may properly be invoked in the case at bar.

The ruling of the trial court upon the instructions was in accord with the views here expressed.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*