## Carrie M. Ballah, Appellee, v. Peoria Life Association, Appellant.

INSURANCE—*when estoppel to enforce forfeiture arises.* If the practice be adopted by a company of accepting premiums after their due date, personal notice must be given to the insured by the company that prompt payment of premiums will thereafter be required, otherwise a forfeiture cannot be made because of failure promptly to pay.

*Assumpsit.* Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912. Rehearing denied April 18, 1912. *Certiorari* denied by Supreme Court (making opinion final).

WOLFENBARGER & MAY and DWYER & DWYER, for appellant.

A. B. DENNIS and THOMAS A. GRAHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* upon an insurance policy, and is before this court on appeal for the second time. The first trial resulted in a judgment for plaintiff, which was reversed by this court and the cause remanded. 159 Ill. App. 222. Upon another trial the plaintiff recovered judgment for $1,075. The declaration upon which the issues were tried, alleges the death of the insured on February 6, 1909; that said insured kept and performed all of the conditions of the policy except the payment of the quarterly premium of $5.04, which was due according to the terms of the policy, on November 12, 1908; that it was the custom of the defendant to accept premiums on said policy after they became due and to notify the insured of the premiums becoming due; that it did not notify him of the premium becoming due November 12, 1908, whereby it waived prompt payment of said premium as provided

in the policy. The first plea of the defendant avers that the prompt payments of the premiums were a condition precedent to continuing said policy in force; that the quarterly premium due November 12, 1908, was not paid when due, and was not paid on or before the death of the insured, and that the policy *ipso facto* became null and void upon the failure to pay said premium and so remained to the date of the death of the insured. The second plea avers that the policy provides that if any premium be not paid when due, the policy shall become null and void, and avers that notice of the premium becoming due on November 12, 1908, was sent to the insured from the home office of the defendant on October 30, 1908, according to the custom of the defendant; that the said premium was not paid when due nor at any time thereafter, and that nothing was done by the insured to re-instate said policy.

To support the declaration the plaintiff introduced in evidence the policy which was issued and bears date November 12, 1903, together with certain receipts for premiums paid upon said policy, and also entries in the cash books of the defendant which showed that the first premium of $18.53 which should have been paid at the time of the delivery of the policy, was paid in two installments,—the first at the time the policy was delivered, and the balance one week later; that nine of the eleven premiums that became due on the policy prior to November 12, 1908, were paid after they became due, and two of them before they became due. The evidence further showed that the defendant never treated the policy as forfeited nor required the insured to be re-instated because of the failure to pay the premiums promptly when due, and further that the official receipt for the premium which became due November 12, 1908, was still held at the local office of the defendant at the time of the death of the insured. It does not appear that the defendant ever at any time notified the insured that it would discontinue its

practice of accepting payments of premiums after they were due, or that it would thereafter require a strict compliance with the provisions of the policy, or that the policy would be forfeited if the premium falling due November 12, 1908, was not paid on or before a certain date.

In our opinion upon the former appeal, we held that where an insurance company in its course of dealing with the insured, led him to a reasonable belief that so much of the contract as provides for a forfeiture in a certain event would not be insisted upon, the company will not be allowed to set up such a forfeiture as a defense in a suit upon the policy. Ballah v. Peoria Life Association, *supra.* The custom, usage and practice of receiving and crediting assessments may warrant the jury in finding that prompt payment and the right of forfeiture were waived by the company. Jones v. Knights of Honor, 236 Ill. 113. We are not prepared to hold that the finding of the jury that the practice of the defendant in accepting the payment of premiums after the same were in default, amounted to a waiver of the condition of the policy requiring prompt payment, was clearly unwarranted by the evidence. That the defendant was by such course estopped from insisting upon a forfeiture of the policy for non-payment within the time fixed by the policy, in the absence of personal notice to the insured that thereafter prompt payment would be required, seems to be well settled. Benefit Association v. Tucker, 157 Ill. 201; Ins. Co. v. Ross, 159 Ill. 476.

The contention of the defendant that there was a variance between the allegations and proofs in some particulars, cannot be now urged, for the reason that the defendant's counsel failed to object to the evidence in question at the time it was offered. Swift v. Rutkowski, 182 Ill. 18.

The judgment of the Circuit Court is affirmed.

*Affirmed.*