## Vina Blais, Defendant in Error, v. United Brotherhood of Carpenters & Joiners of America, Plaintiff in Error.

### Gen. No. 16,541.

1. APPEALS AND ERRORS—*effect of imperfect abstract.* The Appellate Court may affirm if the abstract filed on review is incomplete, imperfect and inadequate.

2. FRATERNAL BENEFIT SOCIETIES—*when membership exists.* If the arrearages of dues have been made good prior to the death of a member and it appears that the local lodge of which the deceased was a member considered him to be a member in good standing at and before his decease and so treated him, recovery by his beneficiary upon the certificate issued to him may be had.

3. FRATERNAL BENEFIT SOCIETIES—*how forfeiture or suspension may be waived.* A local lodge has power to waive the by-laws of the order and a forfeiture or suspension resulting from failure promptly to pay dues and assessments.

Error to the Municipal Court of Chicago; the HON. W. H. DIETRICH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

JOHN D. FARRELL, for plaintiff in error.

JOHN FREDERICK HAAS, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The plaintiff in error, the United Brotherhood of Carpenters and Joiners of America, seeks by this proceeding to reverse a judgment of the Municipal Court of Chicago in favor of Vina Blais for $200 for death

benefit on the death of her husband, Theophile Blais, who it was alleged was a member of the plaintiff in error in good standing at his death.

The plaintiff in error is a labor union with general offices in Indianapolis, Indiana, local lodges and district councils existing in Chicago and various other cities throughout the United States and Canada. The Brotherhood is governed by regularly and legally adopted constitution and by-laws.

A reversal of the judgment is urged on the ground that under the constitution and by-laws Theophile Blais was not a member of the Brotherhood in good standing prior to and at the time of his death, and his widow, the plaintiff below, defendant in error here, is therefore not entitled to the benefit recovered in the judgment under review.

Section 106 of the constitution and by-laws of plaintiff in error is as follows:

"When a member owes a sum equal to three months' dues he is not in good standing and is thereby suspended from all benefits in the interim, and will not again be in benefit until three months after all his arrears are paid in full including the current month."

Section 111 of the constitution and by-laws is as follows:

"Each beneficial member shall be entitled to the following benefits under the conditions herein described in this constitution, provided he is over six months a contributory or financial member in good standing; and when three months in arrears he shall be debarred from all benefits until three months after all his arrearages are paid in full."

The testimony of the Financial Secretary of Local 434, of which deceased was a member, was as follows:

"Q. Was he in arrears at the time of his death? A. He was in arrears as much as death benefits are concerned, according to our constitution.

Q. When did he first become in arrears? A. May 31, 1908,

Q. How much was he in arrears May 31st, 1908?
A. Three months.

Q. Did he pay his dues from that time, May 31st,
1908, until the time of his death? A. Within one
month.

Q. Do you know whether he was in arrears from
May 31st, 1908, until the time of his death? A. I do.

Q. Was he in arrears? A. Yes, sir, his due-book
shows that he was in arrears from May 31st, 1908, un-
til his death."

Theophile Blais died on February 14, 1909. The
record shows that upon his death the claim of his
wife, defendant in error, was rejected by the Brother-
hood upon the contention that at the time of his death
he was in arrears in dues in the sum of seventy-five
cents. The evidence further shows that for several
weeks preceding his death, and during his illness, he
was the recipient of five dollars per week, which money
was paid to him under Section 4 of the by-laws of the
local union, to the effect that beneficial members in
good standing shall, in addition to the benefits pre-
scribed by the constitution of the United Brotherhood,
receive the benefits as defined in the by-laws. The by-
laws provided that beneficial members would be en-
titled to sick benefits as follows: "Five dollars per
week, but not exceeding sixty dollars in any year, dat-
ing from the beginning of the first illness." The evi-
dence shows this money was paid to the widow by an
officer of the union, John De Young, and her receipts
were duly taken therefor.

It further appears from the evidence that the de-
ceased was in receipt of a quarterly working card for
the months of January, February and March of the
year 1909. This card bore the stamp of Ferdinand
Gagnon, Financial Secretary. It was issued under
Section 41 of the by-laws of the District Council, which
provides that the District Council shall issue a quarter-
ly working card to the local union for each member of

the United Brotherhood in good standing in the district, for which there shall be a charge of twenty-five cents.

It also appeared by the testimony of the defendant in error, which was not contradicted, that three days before the death of her husband she went to Gagnon, Financial Secretary of the local union, and whose duty it was to forward a per capita tax of twenty-five cents per month to the United Brotherhood at Indianapolis and ten cents per capita tax per month to the District Council, and asked him what amount was necessary to square her husband to date, and he told her seventy-five cents, and at that time entered the amount in her husband's due-book, which appears in evidence. She further testified that Gagnon brought her a paper after the death of her husband, saying that she could not have her insurance, and that it was very singular, because he was all paid up; that the per capita tax was all sent to the Brotherhood.

John McGrath, president of the local union, testified that he presided at the meetings of the union; that he knew the deceased in his lifetime, and that sick benefits were paid to him for seven weeks in the sum of $5.00 per week; that Ferdinand Gagnon was the Financial Secretary and was present at the meetings of the local union when the reports of the committee came in as to sick benefits and the payment of benefits to the deceased were voted; and that motions were made that the deceased be paid his benefits, which benefits would not have been paid had the deceased not been a member in good standing; that he signed the vouchers for the payment of the money and that Gagnon, who was present at all the meetings and whose business it was to report members not in good standing, never notified the union at any of these meetings that the deceased was not in good standing.

The only testimony offered by the defendant, plain-

600　　　Appellate Courts of Illinois.

Blais v. United Brotherhood of C. & J. of Am., 169 Ill. App. 596.

tiff in error, on the trial was the testimony of Gagnon above quoted. He did not attempt to deny the testimony of either the widow, defendant in error, or the president of the union, McGrath, but attempted to show by the due-book kept by himself that the deceased was in arrears in the sum of seventy-five cents.

The abstract filed by the plaintiff in error is incomplete, imperfect and inadequate, and we might under the rules affirm the judgment because of its imperfect condition; but upon a consideration of all the evidence in the case we are of the opinion that the local union, of which the deceased, Blais, was a member, considered him to be a member in good standing at and before his death and so treated him.

In Jones v. Knights of Honor, 236 Ill. 113, a motion was made by the appellant in the trial court for a peremptory instruction to find for the defendant on the ground that the record showed that Jones, in whose favor the certificate was issued, had failed to pay an assessment required by the law of the Knights of Honor, and that he had been thereby suspended and was never reinstated prior to his death. In discussing this contention the court held that the subordinate lodge or council of a fraternal benefit society is the agent of the supreme lodge or council, and that such subordinate lodge may waive forfeiture or suspension by reason of failure to pay assessments and dues promptly.

In our opinion, the local lodge of which Blais was a member waived the by-laws in regard to his failure to pay dues, and waived the forfeiture or suspension upon any such failure to pay dues promptly, and under the above authorities and the cases there cited the local lodge or council had authority to make such waiver.

The issue as to whether Blais was in good standing as a member of plaintiff in error at and prior to the

time of his death was submitted to the jury, and was substantially the sole question at issue before the court and jury on the trial. The jury upon the evidence before them might well find, and doubtless did find, that the local lodge or council considered and treated the deceased as a member in good standing, and intended to and did waive any forfeiture or suspension of Blais for failure to pay his dues promptly. The evidence justifies such a conclusion of the jury and of the court.

In our opinion the judgment is not erroneous and it is accordingly affirmed.

*Affirmed.*