Gertrude Klauss, Defendant in Error, v. National Council, Knights & Ladies of Security, Plaintiff in Error.

## Gen. No. 16,171.

1. FRATERNAL BENEFIT SOCIETIES—*status of subordinate lodge.* A subordinate lodge of a fraternal benefit society is the agent of the supreme lodge and may waive forfeitures or suspensions upon the member's failure to pay assessments promptly.

2. FRATERNAL BENEFIT SOCIETIES—*when reinstatement effected.* *Held,* that a subordinate council in formally appropriating or lending money to a member to effect his reinstatement, coupled with the fact that the reinstatement was formally declared, was sufficient, notwithstanding the by-laws of the society provided a different method for effecting reinstatement.

Error to the Municipal Court of Chicago; the HON. MAX EBERHARDT, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed April 29, 1912.

A. W. FULTON, for plaintiff in error.

BRADLEY, HARPER & EHEIM, for defendant in error; CLAYTON W. MOGG, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court. The defendant in error, hereinafter called plaintiff,

obtained a judgment for one thousand dollars against the plaintiff in error, hereinafter called defendant, on a certificate issued by the defendant, a fraternal benefit society, to Carl Klauss, plaintiff's husband, and payable to the plaintiff as beneficiary.

On November 30, 1907, and for some years prior thereto, Mr. Klauss was a member of Vorwaerts Council No. 826, a subordinate council of the defendant society. Assessment No. 173 of $1.90 and fifty cents special dues to the subordinate Council for November, 1907, were paid December 19, 1907, to and accepted by Mr. Lambrecht, Financier and Treasurer of Vorwaerts Council, and the only officer thereof authorized to accept the payments of assessments during the time covered in this controversy, and entered by Mr. Lambrecht on the membership receipt book of Mr. Klauss as paid Nov. 30, 1907. No subsequent assessments were paid except as hereinafter stated. The plaintiff testified that they received a letter from the lodge, just when does not appear, "that we are out of the lodge," and she thereupon, February 6th, 1908, saw Mr. Hoffman, President of the Council, who advised her that she and Mr. Klauss attend the meeting of the Council that evening. Both Mr. and Mrs. Klauss attended the meeting of the Council that evening, and in the meeting Mr. Klauss asked the Council, in the language of Mrs. Klauss: "If they please would be so kind and lay the money out for us so we could get in good standing." The Council took the following action, quoted from its minutes:

"Brother and Sister Klauss appeared in person before the Council with the request that Vorwaerts Council would be kind enough to loan them the money necessary to again put him in good standing in this Council as well as in the National Council, as they were already suspended, and without the assistance of the Council were not in the immediate position to put themselves in good standing. Thereupon the council

appropriated to them the sum of $7.65 so they could place themselves in good standing in the National Council, and stand suspended from the sick benefit. The money must be repaid to the council by April 30, 1908. Neither Brother or Sister Klauss have any claim to the sick benefit.''

The minutes of the meeting were written in the German language, and the word ''bewillight'' was translated by the witness for the plaintiff ''appropriate'' or ''set apart,'' and was claimed by the defendant should be ''loaned.''

A paper was drawn up reciting the amount of three months assessments, evidently December, January, and February, which was agreed to be paid by April 30th and signed by both Mr. and Mrs. Klauss, who then left the meeting. This paper was left with the Secretary of the Council and on February 22d brought to the home of the plaintiff by Mr. Lambrecht and there destroyed by him, with the statement to the plaintiff that ''the Council had decided against her and that I was told to show them the paper and tear it up in their presence.'' Mr. Lambrecht was not permitted to see Mr. Klauss, who was then in bed very ill. There was testimony on the part of the defendant to the effect that on February 6th and previous thereto Mr. Klauss was ill, and on the part of the plaintiff that Mr. Klauss had been out of work for some time and on said date and for a long time previous thereto and up to February 16th he was a strong, healthy man; that on said February 16th he was first taken ill, took to his bed February 18th and died February 24th.

The principal question in the case is whether the action of the local Council on February 6th reinstated Mr. Klauss as a member thereof in good standing. The by-laws of the defendant provided:

''To be entitled to participate in the Beneficiary fund, a beneficiary member shall comply with all provisions of the Constitution and Laws of the Order, now

in force or which may be hereafter enacted, and shall, at death or disability, be a member of the Order in good standing. * * *

No member or beneficiary named in his certificate shall participate in or be entitled to be paid any sum from the Beneficiary fund of the Order * * * who, at the time of such injury or death, shall be delinquent on account of non-payment of monthly or special assessments or dues as provided by the laws of this Order. * * *

Before delivering the Beneficiary Certificate upon the initiation of a member, the Financier of the council shall collect one assessment for the current calendar month and the local dues from the member, and thereafter on or before the last day of each succeeding calendar month, the member shall, without notice, pay the sum of one assessment and the local dues to the Financier. * * *

All assessments for any month shall become due and payable on the first day of that month. The certificate of each member who has not paid such assessment or assessments on or before the last day of the month, shall, by the fact of such non-payment, stand suspended without notice, and no act on the part of the council or any officer thereof, or of the National Council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited. No right under said certificate shall be restored until it has been duly reinstated by the member complying with the laws of the Order with reference to reinstatement. * * *

Each member who has been suspended for non-payment of dues or non-payment of an assessment or assessments shall only be reinstated in accordance with the Constitution and Laws of the Order. * * *

Any beneficiary member suspended by reason of non-payment of an assessment or assessments, may within sixty days from the date of such suspension be reinstated upon the following conditions and none other, viz: If not engaged in any of the prohibited occupations mentioned in Section 107 of these Laws he may be

200        Appellate Courts of Illinois.

Klauss v. National Council, K. & L. of S., 170 Ill. App. 196.

reinstated by payment, within sixty days from date of suspension, of all arrearages of every kind, including dues and assessments, for which he would have been liable had he remained in good standing; Provided, however, that he be in good health at the time of reinstatement; Provided, further, that the receipt and retention of such assessments or dues, in case the suspended member is not in good health, shall not have the effect of reinstating said member or of entitling him or his beneficiaries to any right under his benefit certificate.    *    *    *

Any member suspended or expelled from the Order for any cause whatever forfeits all claims to the Beneficiary fund, Reserve fund, General fund and all other funds of the Order during said suspension or expulsion.    *    *    *

Manner in Which Council or Individual May Pay Member's Assessments.    In all cases where the Subordinate Council shall determine to pay one or more assessments or dues for any member, the same shall be done only by resolution or motion, regularly offered and carried for that purpose, by a majority vote of the Council, which proceeding shall appear of record in the minutes of the Secretary, and the amount voted to be paid for any member must be transferred from the General fund of the Subordinate Council to the Beneficiary fund at that time by a warrant drawn on the General fund.    In cases where one or more assessments or dues are paid for a member, by any person, the said assessments or dues must be actually received at the date of the entry in the books, and the money placed in the proper fund.    In no case shall the Financier forward any assessment or assessments for any member, unless the same has been ordered paid by a majority vote of the Council as above provided or where the amount due has actually been paid into the proper fund for or by the member.    *    *    *

The National Council shall not be liable for the illegal receipt of arrears of Beneficiary or Reserve fund or National Council General funds or assessments from suspended members, and the receiving of any such

arrears and receipting therefor by any officer of a Subordinate Council and the reinstatement of any suspended member, except as provided in the laws of the Order, shall not be binding on the National Council.''

Many other provisions of the by-laws were introduced in evidence, but from the view we take of the case it is unnecessary to recite same.

It is claimed that the contract between the defendant and the decedent consisted of the application, certificate of membership, charter and by-laws of the defendant and the State statutes relating to fraternal benefit societies, and that each and every part thereof being binding upon the decedent, the action of the local Council of February 6th was unauthorized and void, and the decedent was not thereby reinstated, but at the time of his death stood suspended for the nonpayment of assessments, and therefore the plaintiff was not entitled to recover. In support of this contention the counsel for the defendant presents a very interesting and learned argument, a large part of which is devoted to a discussion of the propositions that the local Council of a fraternal benefit society should not be held the agent of the Supreme Council, and that the local Council and its officers have not the power to waive requirements of the contract. These arguments are disposed of in the language of the Court in Jones v. Knights of Honor, 236 Ill. 113, as follows: ''Whatever the holding in other jurisdictions has been, it is clear that under the decisions in this State the subordinate lodge or council of a fraternal benefit society is the agent of the supreme lodge or council, and that such subordinate lodge may waive forfeiture or suspension upon failure to pay assessments and dues promptly.'' (Citing authorities.)

It appeared from the evidence that it was customary for the Financier to accept payments of monthly assessments during the next succeeding month and give the member credit for paying same in the month same

202    APPELLATE COURTS OF ILLINOIS.

Klauss v. National Council, K. & L. of S., 170 Ill. App. 196.

were due and payable, and this was the course pursued by the Financier in accepting decedent's November assessment on December 19th, thereby, it would seem, waiving the payment of the same in November. On February 6th the decedent was in default in the payment of December and January assessments, the last day for the payments of the same being on the last day of the respective months, and the action of the local Council in appropriating or advancing the amounts in payment of the said assessments and that of February, waived the defaults in the payments thereof. At any rate it seems to us that the formal action of the local Council, duly taken in its meeting of February 6th, reinstated the decedent as a member in good standing, regardless of the provisions of the by-laws. Jones v. Knights of Honor, *supra.* That the acts and conduct of the local Council established in the decedent's mind the belief that he was reinstated as a member in good standing, and that he justly relied upon that conviction cannot, as it appears to us, be the subject of much doubt. The statement of the Financier to the plaintiff February 22nd, that the Council had decided against her, etc., and his destruction of the evidence of indebtedness, could not, on any principle of law with which we are familiar, rescind the formal action of the Council of February 6th and cancel its agreement with the decedent as contended by the defendant.

The defendant further claims that the decedent was not in good health February 6th, and under the by-laws he must have been in good health at said time or he could not be legally reinstated. Whether he was in good health was a controverted question of fact submitted to the jury, and under the evidence we are not inclined to disagree with their finding thereon. Court of Honor v. Dinger, 221 Ill. 176.

While the instructions are subject to criticism in some respects, yet under all the evidence in the case and

the rule prevailing as to instructions under the Municipal Court Act, we do not consider the objections urged thereto reversible error.

The judgment is affirmed.

*Affirmed.*