## Nellie Love, Defendant in Error, v. Modern Woodmen of America, Plaintiff in Error.

### Gen. No. 16,813.

1. FRATERNAL BENEFIT SOCIETIES—*relation between local and supreme camp.* The relation of a local camp of a fraternal benefit society to the supreme camp is that of agency.

2. FRATERNAL BENEFIT SOCIETIES—*by-laws.* In an action on a benefit certificate a provision of the by-laws that no officer of the society, nor any local officer, is permitted to waive any of the provisions of the by-laws, will be construed to refer to those provisions which entered into and formed a part of the contract of insurance, and not to the conditions which are to be performed in proving death of insured.

3. FRATERNAL BENEFIT SOCIETIES—*acts of local camp clerk.* Where a local camp clerk, while representing the society as authorized in proving death of a member, denies that it is liable on the benefit certificate, such denial waives proofs of death notwithstanding the provision of the by-laws that no act of his shall waive any right of the society.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed January 27, 1913.

TRUMAN PLANTZ, GEORGE G. PERRIN and A. W. FULTON, for plaintiff in error.

KRETZINGER, ROONEY & KRETZINGER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiff, defendant in error here, recovered a judgment for $1,000 against plaintiff in error on a benefit certificate of the defendant payable to the plaintiff on the death of her husband, Nathan Love, a member of a local camp of the defendant society. The defenses on the trial were: that the action was prematurely brought; that Nathan Love died by his own

hand, and that his death was caused by the intemperate use of intoxicating liquor.    As to the defenses other than the first, it is sufficient to say that on the evidence the jury might properly find against the contentions of the defendant.

The defense that the action was prematurely brought presents questions of some difficulty.    The benefit certificate provides that, "No action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits, as provided for in the By-laws of this Society, have been filed with the Head Clerk and passed upon by the Board of Directors, nor unless brought within eighteen months from the date of the death of the member," and there is a similar provision in the by-laws.    No proofs of death were delivered to the head clerk of the society, nor were such proofs of death as are provided in the by-laws delivered to the clerk of the local camp; but plaintiff's right to maintain the action without furnishing proofs of death is based on her claim that the defendant denied liability and thereby waived proofs of death.

Nathan Love died. January 15, 1910.    January 19 plaintiff called at the office of Dowd, the Camp Clerk of Love's camp, and Dowd gave her a set of blank proofs of death which he had received from the Head Clerk, and requested Mr. Harris to help her to fill out such blank proofs of death.    Plaintiff testified that Dowd then told her that she would not get the insurance from the defendant because her husband had committed suicide.    Dowd testified that he did not make any such statement to the plaintiff.    It is conceded that denial of liability by an insurer waives proofs of death, but it is insisted first, that Dowd did not make the statement that plaintiff testified he made, and, second, that if he did, such statement would not waive proofs of loss because Dowd had no right or power to waive any provision of the by-laws.

Whether he made the statement was a question of fact on which the verdict must, we think, be held conclusive.

The rule in this state is that the relation of a local camp of a fraternal benefit society to the supreme camp is that of agency. Jones v. Knights of Honor, 236 Ill. 113, and cases there cited. On the authority of Citizens' Ins. Co. v. Stoddard, 197 Ill. 330, and Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179, and cases there cited, we hold that the provision of the by-laws that no officer of the society nor any local camp officer is authorized or permitted to waive any of the provisions of the by-laws "which relate to the contract between the member and the society," and that no local camp nor any officer thereof, "shall have the right or power to waive any of the provisions of the by-laws," refer to those provisions which entered into and formed a part of the contract of insurance, but have no reference to those conditions which are to be performed after death.

The by-laws provide that, "The Clerk of a local Camp is hereby made and declared to be the agent of such Camp, and not the agent of the Society, and no act or omission on his part shall have the effect of creating a liability on the part of this Society, or of waiving any right or immunity belonging to it."

The by-laws further provide that the camp clerk shall report to the head clerk the death of a beneficial member, that on receipt of such a notice the head clerk shall send to the camp clerk blank proofs of death of the form prescribed by the directors, which the camp clerk shall deliver to the beneficiary. Dowd testified that when proofs of death were made out and delivered to him, he was supposed to send them to the head clerk. We think that the provision that no act of the camp clerk shall have the effect of waiving any right or immunity belonging to the society, refers to an act done in connection with the performance of his duty as clerk of the local camp, and not to acts done in connection with the performance of duties imposed on him by the society, in which he acts for and represents the society. In reporting the death of a mem-

ber, procuring blank proofs of death, delivering them to the beneficiary and forwarding such proofs when made out to the head clerk of the society, the local camp clerk acts for and represents the society and not the local camp, and we think that if in performing such duties he denies that the defendant is liable on the benefit certificate, such denial waives proofs of death notwithstanding the provision of the by-laws that no act of his shall waive any right of the society.

The instructions of the court are subject to criticism, but we do not think that the judgment should be reversed by reason of anything stated in or omitted from the instructions.

We think the record is free from reversible error, and the judgment is affirmed.

*Affirmed.*