Martha Roark, Appellee, v. The National Fire Insurance Company, Appellant.

Gen. No. 8,338.

Opinion filed February 3, 1930.

A. C. & Ben F. Anderson, for appellant.

Raymond G. Real, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

Appellee, Martha Roark, obtained a judgment in the sum of $1,000 against appellant, the National Fire Insurance Company, in an action of assumpsit upon a fire insurance policy. The property insured was household furniture located on a farm.

The only defense in this case is that proofs of loss were not made within 50 days after the fire in accordance with the provisions of the policy. The defense is wholly without merit, as such proofs were waived.

1

The fire occurred November 12, 1928 and a copy of the policy which appellee had was burned in the fire. She immediately notified J. W. Franklin, who had solicited the policy, received the premiums thereon and delivered the same to appellee and later had attached two riders to it. Franklin went with appellee and viewed the ruins of the fire, and on December 18, 1928, at the request of Franklin, she made an itemized list of the personal property destroyed with the value of each article and made an affidavit as to the truth of the same. She delivered this to Franklin and it was delivered to the adjuster of the company. No objections were ever made by the company, its adjuster or the agent as to the insufficiency of the proof of loss. This sworn statement did not strictly comply with the form of the proofs of loss required by the terms of the policy, but the statement itself was written by the agent, Franklin, and was procured by him at the request of the adjuster for appellant, who made an investigation, but the amount of the policy was never paid. The property was totally destroyed by the fire and was of a value of over $2,000. An agent of an insurance company who has the power to solicit insurance, receive and forward applications, receive and deliver policies and collect premiums, even though his agency be confined to the territory in which he operates, is a general agent of the company, and has authority to waive proofs of loss. *Citizens' Ins. Co. v. Stoddard,* 197 Ill. 330; *Phenix Ins. Co. v. Stocks,* 149 Ill. 319; *Hancock Mut. Life Co. v. Schlink,* 175 Ill. 284; *Milwaukee Mech. Ins. Co. v. Schallman,* 183 Ill. 213; *Citizens' Ins. Co. v. Stoddard,* 197 Ill. 330; *Hodges v. Commercial Union Assur. Co.,* 246 Ill. App. 634; *Fray v. National Fire Ins. Co.,* 255 Ill. App. 209. The defense in this case cannot be sustained and the judgment of the circuit court is affirmed.

*Affirmed.*